165 S.E.2d 822 (1969)
STATE ex rel. Ralph J. PATRICK, Jr., etc.
v.
The COUNTY COURT OF HANCOCK COUNTY, a Corporation, etc., et al., Commissioners, etc., and Lou Smoleski, etc., and Joseph H. Manypenny, etc.
No. 12796.
Supreme Court of Appeals of West Virginia.
Submitted January 8, 1969.
Decided February 4, 1969.
*824 Pinsky, Mahan, Barnes & Watson, Frank Cuomo, Jr., Wellsburg, for relator.
Edward A. Zagula, Pros. Atty., Weirton, for County Court, Hancock County.
Frank A. Pietranton, Weirton, for Smoleski.
BERRY, Judge:
This is an original proceeding in mandamus instituted in this Court on December 27, 1968 by the petitioner, Ralph J. Patrick, Jr., who was the Republican nominee for the office of sheriff of Hancock County, West Virginia, against the respondents who are the County Court of Hancock County, West Virginia, a corporation, Jack Evans, Edward Nogay and William C. Graham, the members thereof at the time of the institution of this proceeding in this Court, and Joseph H. Manypenny who was elected a member of the county court as successor to Jack Evans and who took office January 1, 1969, after the institution of this proceeding, said men acting as the board of canvassers of Hancock County, and against Lou Smoleski, the Democratic nominee for the office of sheriff of Hancock County, who had been certified as elected by the county court acting as a board of canvassers. The petitioner prays that a writ be awarded commanding the respondents to reconvene as a board of canvassers and declare certain ballots cast in precinct 32 of Hancock County void and to certify the election of Ralph J. Patrick, Jr., the petitioner, as the duly elected sheriff of Hancock County, West Virginia.
After the filing of the petition this Court issued a rule returnable January 8, 1969 at which time the case was submitted for decision upon arguments and briefs with permission granted the attorneys for the respective *825 parties to file supplemental briefs, all of which have been duly filed.
Answers were filed by the respondents, the County Court of Hancock County in the capacity of a board of canvassers and by respondent Lou Smoleski. Separate replications were filed by the petitioners to the separate answers and a combined demurrer to both answers. There was also filed a transcript of the evidence taken before the board of canvassers and stipulations by the parties.
The only question involved in this proceeding is whether all or part of the ballots cast in precinct 32 of Hancock County are void because they were not signed by two qualified poll clerks as required by law. Code, 3-1-34, as amended. The board of canvassers of Hancock County after a recount certified the respondent Lou Smoleski to be the duly elected sheriff of Hancock County on December 19, 1968 as having 9,228 votes cast for him, and 9,201 votes cast for the petitioner Ralph J. Patrick, Jr., giving a majority of 27 votes to the respondent Smoleski.
There were 776 ballots cast in precinct 32 of Hancock County of which 45 votes were not contested in this proceeding because they were either absentee or challenged ballots which do not require the signature of the poll clerks, or no vote was cast for sheriff or the ballot was admittedly improperly endorsed, leaving 731 ballots which are the subject of litigation.
It is admitted by the parties in the pleadings and is shown in the transcript of the proceedings had before the board of canvassers on the recount of precinct 32, which was filed in this Court without objection or was by agreement to be considered in this proceeding, that four precinct workers in various combinations of two persons signed all of the 731 ballots in the space for the poll clerks to sign; and of these ballots the board of canvassers certified that the petitioner, Ralph J. Patrick, Jr., had received 304 votes and the respondent Smoleski 449 votes. A double board was appointed for precinct 32 as required by law, Code, 3-1-28, as amended, and all ten appointed election officers consisting of the receiving board and the counting board were present and acted in some capacity during the entire day of the election.
Although it appears, and is admitted by the pleadings, that some of the election officers were appointed in one capacity but acted in another, we are concerned with only four of the election officers in this proceeding who signed the ballots in different combinations of two purporting to be poll clerks receiving, who are: Sarah K. Crain, a Republican, who was appointed as clerk receiving, accepted office as poll clerk receiving, performed the duties as poll clerk receiving and took the oath as clerk receiving; Irene Martin, a Democrat, who was appointed as clerk counting, accepted the office of clerk counting, performed the duties of clerk receiving and took the oath of clerk receiving; Carole Ann Martaus, a Democrat, who was appointed as a clerk receiving, accepted the office as a poll clerk, performed at some time the duties of clerk receiving, and took the oath as commissioner receiving; Alma Bess, a Republican who was appointed as commissioner receiving, accepted as "commissioner", performed at some times the duties as clerk receiving, and took the oath as commissioner receiving. The number of contested ballots signed by Sarah K. Crain and Irene Martin in precinct 32 and counted for the respondent was 255 and the number counted for the petitioner was 191. The number of contested ballots signed by Carole Ann Martaus and Alma Bess and counted for the respondent was 111 and for the petitioner 53. The number of contested ballots signed by Alma Bess and Irene Martin and counted for the respondent was 47 and for the petitioner 36, and the number of contested ballots signed by Sarah K. Crain and Carole Ann Martaus was 24 for the respondent and 14 for the petitioner.
It will be noted that of the four only Sarah K. Crain and Irene Martin of opposite *826 political parties took the oath as clerk receiving. This is admitted by the respondents in their pleadings and appears in the poll book as the oath taken in each instance. It also was admitted in the pleadings that the four election officers involved in signing the ballots as purported poll clerks receiving performed other duties such as counting the ballots at different times. It also appears that the election at precinct 32 in Hancock County was conducted on the plan of each of these officers doing whatever he deemed necessary whether or not he had been appointed or qualified to do such duties. This cannot be done by election officers in any precinct. Funkhouser v. Brotherton, 124 W.Va. 713, 22 S.E.2d 284. This was clearly held in point 2 of the syllabus in the Funkhouser case in the following language: "Ballots cast in a primary election which bear in the blanks for the signatures of the poll clerks the signatures of other persons, are void and must be rejected, even though such other persons were election officials and signed the ballots with the full consent and approval of all officers of the precinct."
Code, 3-1-34, as amended, provides that two poll clerks shall sign their names in the place indicated on the back of the official ballot. Code, 3-6-7, as amended, provides that any ballot which is not endorsed with the names of the poll clerks as provided in Chapter 3 of the Code shall be void and shall not be counted. Only two poll clerks are authorized to sign the ballots at any precinct whether there is a double board or a single board. They are the poll clerks of the receiving board. Code, 3-1-28, as amended. Where a double board is appointed the two boards have completely separate functions. One board is a receiving board and the other board a counting board. The counting board is not required to attend the voting precinct until three hours after the polls are opened by the receiving board and it then counts and tabulates the votes in a partitioned room or space in the voting place. Code, 3-1-33, as amended. It is therefore clear, contrary to the contention of the respondent, that only the two poll clerks on the receiving board are authorized to sign or endorse the ballots. This is clearly stated in the sixth point of the syllabus of the case of State ex rel. Bumgardner v. Mills et al., 132 W.Va. 580, 53 S.E.2d 416, which reads as follows: "The statutory requirement that each of the poll clerks at an election shall personally sign his name on the back of an election ballot before delivering it to the voter relates to the poll clerks of the receiving board at each election precinct at which double election boards are appointed and act and to the poll clerks at each election precinct at which a single election board conducts an election and is mandatory; and any ballot which is not so indorsed with the names of such poll clerks, other than the ballot of an absent votor and the ballot of a challenged votor, is void and can not be counted."
It would appear that the only true test to determine who the poll clerks receiving are in any given precinct is to ascertain for which board and which office the oath was taken and recorded in the poll book because different oaths are required for the commissioners and the poll clerks and double boards have different statutory duties. Code, 3-1-28, 3-1-30, as amended. The oaths taken by the election officers are to be recorded on the poll books and when they are so recorded properly there can be no question as to who has qualified as receiving poll clerks, commissioners, and clerks counting. It should be noted that the terminology of the Code is not uniform in that it refers to both "clerks" and "poll clerks" with obviously the same meaning intended, and also provides for different duties where there are two boards, without differentiating in the oath, so the poll book should specify which board the oath applied to.
It is true that if election officers fail to appear at the voting place the remaining commissioners shall select the missing commissioner or clerk as the *827 case may be and where this is done and it is shown that any such person is so appointed and qualified as poll clerk receiving and took the proper oath he would be qualified to act as such. State ex rel. Johnson v. Given, 102 W.Va. 703, 136 S.E. 772. If a vacancy occurs by virtue of one of the poll clerks receiving leaving the polls and not returning there could be a selection by the other election officers and if such substitute persons were selected and performed such duties there would be a substantial compliance. State ex rel. Johnson v. Given, supra. However, the election officers can not perform whatever duties they desire or think are necessary without being properly selected and qualified, and especially must they be qualified to perform the duties of a poll clerk receiving who must properly endorse the ballots in order that they be held valid. Funkhouser v. Brotherton, supra.
The canvassing board had before it at the recount all of the documents in connection with the returns of the election which included the official ballots, the registration lists, the certificates, the tally sheets and poll books containing the record of the oaths taken by the election officers, as provided by Code, 3-6-8, as amended. This information, as well as the evidence contained in the transcript of the proceedings before the canvassing board which did not constitute extrinsic evidence was proper to be considered by the canvassing board. State ex rel. Bumgardner v. Mills, supra. The election returns, the transcript of the proceedings before the canvassing board and the agreement of the parties contained in the pleadings with regard to what transpired and was done at precinct 32 in Hancock County show that the only two election officers who took the proper oath as poll clerks receiving and were of opposite political parties, were Sarah K. Crain and Irene Martin and this Court has indicated on many occasions that in order to qualify to perform the duties of a poll clerk receiving in order to endorse the ballots to make them valid a proper oath must be taken. State ex rel. Bumgardner v. Mills, supra; Funkhouser v. Brotherton, supra. The election returns and the poll books clearly show that Carole A. Martaus and Alma Bess took the oaths as commissioners and could properly perform only the duties of commissioner which exclude the right to sign ballots. State ex rel. Bumgardner v. Mills, supra. It has been consistently held by this Court that if poll clerks receiving do not sign or endorse the ballots the ballots are void and can not be counted. State ex rel. Simon v. Heatherly, 96 W.Va. 685, 123 S.E. 795; State ex rel. Johnson v. Given, supra; Funkhouser v. Brotherton, supra; State ex rel. Bumgardner v. Mills, supra; State ex rel. Dotson v. Vanmeter, 151 W.Va. 56, 150 S.E.2d 604. If such ballots are counted by the canvassing board on a recount such board may be reconvened and compelled by a proceeding in mandamus to correct the count. This procedure in such case was clearly stated in State ex rel. Simon v. Heatherly, supra, in the third point of the syllabus wherein it was stated: "Where a board of canvassers recounts the votes cast at a primary election, and in such recount counts illegal ballots for a candidate, ascertains the result and adjourns, such board, at the relation of an opposing candidate who is thus defeated for nomination, may be compelled by mandamus under [then] section 89, chapter 3, Code, to reconvene and correct any such recount." The reason for such holding is set out on page 690 of the Heatherly case, 123 S.E. on p. 791, in the following language: "The third objection is equally unfounded. It was held in Daniel v. Simms, 49 W.Va. 554, 39 S.E. 690, that "If a board of canvassers adjourn, without having legally performed its duties under section 68 of chapter 3 of the Code, such board may be reconvened by writ of mandamus under section 89 of said chapter and compelled thereby to correct any errors it may have committed in attempting to perform such duties.' That case involved a general election, but the law there stated is clearly applicable here. *828 If it were not, a board of canvassers might wilfully disregard the law, by counting ballots for one candidate when they were voted for another, declare the result and adjourn, and thus compel the defeated candidate to proceed by appeal or other method of contest. The duties of the board are not performed until they are performed legally; until that is done, its action may be controlled by mandamus. See Stafford v. Sheppard, 57 W.Va. 84, 50 S.E. 1016."
It is contended by the respondent that there is no evidence of fraud in connection with any of the ballots signed by the four election officers in question and therefore the ballots should be counted.
The question of fraud is not what invalidates ballots that are not endorsed by the two poll clerks receiving. It has been uniformly held by this Court that if they are not so endorsed by the two poll clerks receiving they are void and can not be counted. State ex rel. Simon v. Heatherly, supra; State ex rel. Bumgardner v. Mills, supra. The question of fraud or any other like matter which involves extrinsic evidence is not admissible before a board of canvassers on a recount and can be presented only at election contest proceedings. Maynard v. Hammond, 139 W.Va. 230, 79 S.E.2d 295; State ex rel. Bumgardner v. Mills, supra. This matter is succinctly stated in point 4 of the syllabus of the case of State ex rel. Bumgardner v. Mills, supra, that: "Upon a recount of election ballots a board of canvassers may not consider or determine questions of fraud, intimidation or illegality in an election, the eligibility of a candidate, the validity of the appointment of precinct election officers, the qualifications of such election officers, or irregularities discoverable in the course of a recount which can be established only by evidence extrinsic to the election returns." Evidence admissible upon a recount is that obtainable from the face of the returns, which is intrinsic, not extrinsic. In addition, the statute allows the canvassing board upon a recount to take oral evidence of commissioners, poll clerks or other persons present at the election concerning the ballots, poll books, registration records, tally sheets and certificates placed before them by the officers having custody thereof. Code, 3-6-9, as amended. It was held by this Court in point 7 of the syllabus in the case of Maynard v. Hammond, supra, that: "Evidence of fraud or misconduct extrinsic to the election returns, though inadmissible before a board of canvassers on a recount, is properly cognizable in an election contest proceeding."
It therefore appears from the election returns consisting of certificates, poll books and tally sheets, the admission by the parties in the pleadings, and the transcript of the proceedings before the canvassing board that the only election officers who qualified as poll clerks receiving by taking the proper oath as such were Sarah K. Crain and Irene Martin and that only the ballots endorsed by them as poll clerks receiving were valid and should be counted by the board of canvassers and that all of the other ballots that were endorsed by one or more of the other election officers who took the oaths as commissioners were not valid in precinct 32, and all such ballots are void and should not be counted by the canvassing board on the recount.
For the reasons stated herein, the writ prayed for is issued directing the members of the county court as now constituted to reconvene as a board of canvassers and to complete properly the recount of the ballots cast in precinct 32 of Hancock County, and in such recount to reject and refuse to count any and all ballots (except absentee and challenged ballots) not signed by the two election officers who took the oaths as poll clerks receiving as shown on the poll book of precinct 32 and who properly qualified as poll clerks receiving for that precinct.
Writ awarded.