STATE *ex rel.* ROBERT O. ELLIS, JR.

*v.*

THE COUNTY COURT OF CABELL COUNTY, *etc., et al.*

*and*

STATE *ex rel.* LAFE C. CHAFIN

*v.*

THE COUNTY COURT OF CABELL COUNTY, *etc., et al.*

(Nos. 12805 and 12807)

Submitted March 4, 1969.  Decided April 1, 1969.

*Edward V. Lee, L. D. Egnor*, Jr., for relator Chafin.

*Edmund G. Marshall, W. Merton Prunty* and *Frank W. Gerchow,* for relator Ellis.

*Beckett & Burford, Robert H. Burford,* for respondent Myers.

*Zane Grey Staker,* for respondent Dunfee.

*Edmund G. Marshall, W. Merton Prunty, Frank W. Gerchow,* for respondent Ellis.

HAYMOND, PRESIDENT:

These two mandamus proceedings involve the determination, upon a recount, of the result of the election between the opposing candidates for the office of prosecuting attorney of Cabell County at the general election on November 5, 1968. In one of these mandamus proceedings, instituted February 11, 1969, the petitioner, Robert O. Ellis, Jr., Republican candidate for the office of prosecuting attorney of Cabell County, seeks a writ to require the defendants, the County Court of Cabell County and Bob E. Myers, president, and Bill Dunfee and Fred Lunsford, commissioners, as the Board of Canvassers of Cabell County, to reconvene on a recount of the votes cast at the

general election held November 5, 1968, for the office of prosecuting attorney and to set aside the declared result of such election for that office; to recall and cancel the certificate of the result of the election heretofore issued to Lafe .C. Chafin, Democratic candidate for that office; to reconsider and count an uncounted ballot of an absentee voter; to reconsider and deduct from the total vote as counted the ballots cast by four voters; and to fulfill their duties under the election laws of this State.

In the other of these mandamus proceedings, instituted February 18, 1969, the petitioner, Lafe C. Chafin, Democratic candidate for the office of prosecuting attorney of Cabell County, seeks a writ to require the same defendants, the County Court of Cabell County and Bob E. Myers, president, and Bill Dunfee and Fred Lunsford, commissioners, as the board of canvassers of that county, to reconvene on the foregoing recount and to count for the petitioner uncounted ballots cast for him by certain voters and to reject certain ballots which had been counted for Robert O. Ellis, Jr.; to perform their duties in accordance with the election laws of this State; to count all ballots which were regular on their face and were cast by properly registered voters and to deduct from the total vote as counted all ballots which were not regular on their face and were not cast by properly registered voters; and to give the petitioner Chafin a plurality of the ballots that will be sufficient to elect him to the office of prosecuting attorney by a margin of eight votes.

A rule was issued upon the petition filed in each proceeding and amended petitions relating to numerous additional ballots were also filed. Chafin filed a demurrer and an answer to the petition in the proceeding instituted by Ellis and Ellis filed an answer in the proceeding instituted by Chafin. The defendants, the County Court of Cabell County and Myers, its president, and Dunfee, one of its commissioners, filed answers in both proceedings. These proceedings were treated as a single proceeding and

were heard together and submitted for decision on March 4, 1969, upon the pleadings and the exhibits filed with them, the demurrer filed by Chafin, certain motions, and the written briefs and the oral arguments of the attorneys for the respective parties. By order entered April 1, 1969, this Court granted the writ prayed for by the petitioner Ellis and denied the relief sought by the petitioner Chafin. This opinion is now filed for the purpose of stating the reasons for the decision of this Court in these proceedings.

In an earlier mandamus proceeding of *State ex rel. Chafin* v. *The County Court of Cabell County,* and its president and commissioners, as the board of canvassers, and Robert O. Ellis, Jr., disposed of by order without opinion, the petitioner Chafin sought a writ to compel the board of canvassers to reconvene and on the recount of the ballots cast for the office of prosecuting attorney at the general election on November 5, 1968, to rescind the declared results of the recount of such ballots and the certificate of the result of the election issued to Ellis, and to reconsider and recount 125 challenged ballots, including some absentee ballots, in controversy between the petitioner Chafin and Ellis, some of which had not been counted. In that proceeding by writ awarded December 16, 1968, this Court ordered the county court and its president and commissioners forthwith to reconvene as the board of canvassers and to rescind the certificate of the result of the election previously issued to Ellis, to reconsider the foregoing ballots and to count in favor of the proper candidate for the office of prosecuting attorney all ballots which were regular on their face if cast by properly registered voters and in so acting to exclude extrinsic evidence concerning irregularities in any such ballots. After some delay and the refusal of the board of canvassers to count some of the foregoing ballots which resulted in contempt proceedings, the present mandamus proceedings were instituted in this Court.

By order entered March 17, 1969, this Court required the county court, its president and commissioners, as

the board of canvassers, to furnish and make available to this Court on or before March 27, 1969, to enable it to hear and determine the questions here involved, the following information, which was promptly and properly furnished: (1) The total number of votes cast for Ellis and the total number of votes cast for Chafin, exclusive of the foregoing 125 challenged ballots; (2) a complete list of the 125 challenged ballots, photostatic copies of such ballots, the number counted for Ellis and the number counted for Chafin, and the persons who cast such ballots; (3) a correct copy of the permanent registration record of each person who cast any of the 125 challenged ballots; and (4) a statement of the reasons for the challenge lodged against each of such ballots.

As only the 125 challenged ballots were questioned in the prior mandamus proceeding, no other ballots may properly be considered and dealt with in the present proceedings, except 3 ballots which were cast by persons whose registration record indicated that they were deceased and which were improperly counted. One of those ballots was counted for Ellis and two of them were counted for Chafin. Any other vote or votes involved in the recount between the defendant candidates for the office of prosecuting attorney which either might have questioned should have been challenged and placed in issue in the earlier mandamus proceeding in which the writ was awarded on December 16, 1968. By failing to do so each of the petitioners and candidates has waived any and all defects or irregularities in all other ballots cast for either of them and the right of either to challenge the validity of any such ballot or the manner in which any such ballot has been counted; and as previously indicated none of the other ballots, except the three ballots cast by persons shown by the registration record to be deceased, has been considered in the present proceedings.

After the board of canvassers reconvened and reconsidered the 125 challenged ballots, and particularly 26 of such ballots, as required by the writ awarded December

16, 1968, the board rescinded the certificate of the result of the election previously issued to Ellis; counted 34 of the 125 challenged ballots for Ellis and 67 for Chafin; refused to count two for Ellis and three for Chafin; properly refused to count 19 which had not been voted for either candidate; added the 34 votes for Ellis to the 20,280 votes previously counted for him to make his total counted vote 20,314 and added the 67 votes for Chafin to the 20,248 votes previously counted for him to make his total counted vote 20,315; declared Chafin elected to the office of prosecuting attorney by a majority of one vote; and issued to him a certificate of the result of the election for that office.

Mandamus lies to compel a board of canvassers to reconvene and complete a recount of the vote cast for candidates for public office and to issue a certificate of the result of the election to the person elected to such office. Section 45, Article 1, Chapter 3, Code, 1931, as amended, expressly provides that "A mandamus shall lie from the supreme court of appeals, or any one of the judges thereof in vacation, returnable before said court, to compel any officer herein to do and perform legally any duty herein required of him." *State ex rel. Peck* v. *The City Council of the City of Montgomery,* 150 W. Va. 580, 148 S. E.2d 700; *Adams* v. *Londeree,* 139 W. Va. 748, 83 S. E.2d 127; *State ex rel. Hammond* v. *Hatfield,* 137 W. Va. 407, 71 S. E. 2d 807; *State ex rel. Bumgardner* v. *Mills,* 132 W. Va. 580, 53 S. E.2d 416; *Pack* v. *Karnes,* 83 W. Va. 14, 97 S. E. 302. In the *Mills* case this Court held in point 1 of the syllabus that "Mandamus is the proper remedy to require a board of canvassers, upon a recount of the votes cast at an election, to procure correct election returns, to count properly and correctly, according to such returns, the votes between the candidates involved in such recount, and to ascertain and declare the true result of such election."

The challenged ballots considered in these proceedings are embraced in these categories:

(1) Ballots cast by four voters whose permanent registration records indicated that they were deceased but who by improperly considered extrinsic evidence were shown to be not deceased. Two of these ballots, cast by the voters Burton and Singleton, were counted for Chafin, one such ballot cast by the voter Dillman was counted for Ellis, and the fourth such ballot cast by the voter Russell was not counted. None of these ballots should have been counted for the reason that none of the voters who cast them was properly registered and extrinsic evidence to contradict or overthrow the registration record may not be considered by the board of canvassers on a recount of the votes cast in an election.

(2) Ballots by voters who were duly registered in one precinct but which were cast in a precinct in which such voters were not registered. There were 15 of these ballots. Three of them, cast by the voters Zeller, Vandall and Eleanor Smith for Ellis, were counted for him; eight of them, cast by the voters Lucas, Roy Powell, Virginia Powell, Clatworthy, Hodges, Peggy Meadows, Billy Meadows and Okey Enochs for Chafin, were counted for him; one of them, cast by the voter Haynes for Ellis, was not counted, and the remaining three of them, cast by the voters Nemeth, Runyon and Dick for Chafin, were not counted. None of these ballots should have been counted for the reason that a ballot, to be counted at the election at which the voter offers to vote, must be cast in the precinct in which the voter is duly registered. It can not be counted if cast in any other precinct. Section 3, Article 1, Chapter 3, Code, 1931, as amended, provides that citizens of this State shall be entitled to vote at all elections held within the precinct in which they reside. Section 34 of the same article and chapter provides that when any person offering to vote in an election is found to be duly registered as a voter at that precinct and has signed his name on the poll book, the two poll clerks shall deliver a ballot to the voter to be voted by him without leaving the election room. Section 27, Article 2, Chapter 3, Code, 1931,

as amended, provides, in part, that whenever a voter removes his residence from one place to another within the same county he shall request that the change be made on his registration record; that transfers of the registration record may be made throughout the year except during the thirty days immediately preceding any election; and that if any voter shall move from one place to another within the county within the thirty-day period he shall, for that election only, vote in the precinct from which he moved. From these provisions it is clear that a voter must be registered and cast his ballot in the precinct in which he resides unless within thirty days before an election at which he offers to vote he moves from that precinct to some other precinct in the same county, in which case he must vote, at that election only, in the precinct from which he has moved within the thirty-day period. The election records do not show that any of the voters of the foregoing 15 ballots moved from the precinct in which he was registered more than thirty days before the election and extrinsic evidence of those facts can not be considered by the board of canvassers on a recount of votes cast at an election.

(3) One vote cast by the voter Mrs. John W. Swisher for Chafin was counted for him. This ballot should not have been counted for the reason that the voter who cast it was not registered in the name of Mrs. John W. Swisher in Precinct 43 in which the ballot was cast. Unless duly registered in the manner prescribed by law, a person is not entitled to vote a valid countable ballot, but only a challenged ballot, in any election other than a municipal election in a municipality that has not adopted the permanent registration system of this State. See *State ex rel. Peck v. The City Council of the City of Montgomery,* 150 W. Va. 580, 148 S. E.2d 700; *Pridemore v. Fox,* 134 W. Va. 456, 59 S. E.2d 899; *Galloway v. The Common Council of the City of Kenova,* 133 W. Va. 446, 57 S. E.2d 881; *State ex rel. Lawhead v. County Court of Kanawha County,* 129 W. Va. 167, 38 S. E.2d 897; *Dotson v. The Town*

*of Gilbert,* 129 W. Va. 130, 39 S. E.2d 108; *State ex rel. Willhide* v. *King,* 126 W. Va. 785, 30 S. E.2d 234. See also Section 41, Article 1, and Sections 2 and 30, Article 2, Chapter 3, Code, 1931, as amended.

(4) 31 of the challenged ballots cast for Ellis, designated as Nos. 2, 8, 16, 18, 19, 23, 30, 31, 33, 41, 45, 47, 48, 49, 51, 59, 61, 62, 64, 65, 66, 67, 68, 69, 73, 83, 91, 94, 95, 105 and 117, were voted for him; and 58 of the challenged ballots cast for Chafin, designated as Nos. 3, 4, 5, 6, 7, 11, 12, 13, 14, 15, 21, 24, 26, 27, 28, 32, 36, 38, 39, 40, 44, 46, 50, 52, 58, 63, 70, 71, 72, 79, 81, 82, 84, 85, 86, 87, 88, 89, 90, 92, 93, 97, 98, 99, 100, 101, 106, 107, 108, 109, 110, 112, 113, 114, 116, 120, 123 and 125, were voted for him. All these ballots were challenged on the ground that the voters had given an address different from that shown by their registration record or that they had moved from the precinct where they were registered more than thirty days before the election. As each of the voters was properly registered in the precinct where the ballots were cast and as the place of residence other than that shown by the registration record or the removal of the voter from the precinct more than thirty days before the election were irregularities that could be established only by extrinsic evidence which may not be considered by the board of canvassers on a recount, each of the ballots should have been and was properly counted for the candidate for which it was cast. In *State ex rel. Bumgardner* v. *Mills,* 132 W. Va. 580, 53 S. E.2d 416, this Court held in points 3 and 4 of the syllabus that "Upon a recount of ballots cast at an election, a board of canvassers is without authority to consider or determine matters not shown by the election returns or by relevant evidence of the commissioners, the poll clerks, or other persons present at such election respecting such returns, or which may be established only by evidence extrinsic to the election returns." and that "Upon a recount of election ballots a board of canvassers may not consider or determine questions of fraud, intimidation or illegality in an election, the eligibility of a

candidate, the validity of the appointment of precinct election officers, the qualifications of such election officers, or irregularities discoverable in the course of a recount which can be established only by evidence extrinsic to the election returns." See also *State ex rel. Patrick* v. *County Court of Hancock County*, 152 W. Va. 592, 165 S. E. 2d 822; *State ex rel. Peck* v. *The City Council of the City of Montgomery*, 150 W. Va. 580, 148 S. E.2d 700.

On nineteen of the 125 challenged ballots the voter did not vote for either of the candidates for the office of prosecuting attorney and, of course, none of those ballots was or should be counted for either of such candidates.

The election record shows that the final total count of the votes for each candidate, exclusive of the 125 challenged ballots, was 20,280 for Ellis and 20,248 votes for Chafin. Proper consideration of the three ballots cast by voters whose registration record indicated that they were deceased, one of which was cast and improperly counted for Ellis and two of which were cast and improperly counted for Chafin, and the 125 challenged ballots, results in the determination that one of the three foregoing votes should be deducted from the count of 20,280 votes for Ellis, reducing that count to 20,279 votes and that two of the three votes should be deducted from the count of 20,248 votes for Chafin, reducing that count to 20,246 votes, that the foregoing 31 votes cast and properly counted for Ellis should be added to the count of 20,279 votes to make the total of the votes properly counted for him 20,310 votes, that the foregoing 58 votes cast and properly counted for Chafin should be added to the count of 20,246 votes to make the total of the votes properly counted for him 20,304, and that the total votes as so counted show a final majority of 6 votes for Ellis and elect him to the office of prosecuting attorney. Accordingly, the defendants, the County Court of Cabell County and its president and commissioners, as the board of canvassers, are directed forthwith to reconvene and after reconvening to reject the five ballots cast for Ellis by the voters Haynes,

Zeller, Vandall, Russell and Eleanor Smith, which should not be counted, and the twelve votes cast for Chafin by the voters Nemeth, Runyon, Mrs. John W. Swisher, Lucas, Dick, Roy Powell, Virginia Powell, Clatworthy, Hodges, Peggy Meadows, Billy Meadows and Okey Enochs, which should not be counted; to count the 31 votes cast and properly counted for Ellis and the 58 votes cast and properly counted for Chafin; to declare Ellis elected to the office of prosecuting attorney by a vote of 20,310 for him to a vote of 20,304 for Chafin, a majority of 6 votes; and to issue to Ellis a certificate of the result of the election.

As the petitioner Ellis has established a clear legal right to the relief which he seeks, the writ for which he prays is awarded and as the petitioner Chafin has not established a clear legal right to the relief which he seeks, the writ for which he prays is denied.

*Writ awarded as to Ellis; writ denied as to Chafin.*