STATE *ex rel.* RALPH L. DOTSON, ET AL.

*v.*

D. P. VANMETER, ET AL.

(No. 12586)

Submitted September 7, 1966. Prepared order September 13, 1966. (Decided, Opinion Filed October 25, 1966.)

*Milford L. Gibson, John G. VanMeter,* for relators.

*Duke A. McDaniel, Ralph J. Bean, Ralph J. Bean, Jr.,* for respondents.

CAPLAN, PRESIDENT:

This is an original proceeding in mandamus instituted in this Court by petitioners Ralph L. Dotson, Richard O. Lyons and Carl J. Moreland, residents and qualified voters of Union District, Grant County, West Virginia, against the respondents, D. P. VanMeter, Myron H. McDonald and Brook Muntzing, members of the County Court of said Grant County, and, as such, the Board of Canvassers of Elections therein. The petitioners pray that a writ be awarded commanding the respondents to declare a certain ballot void and to certify Ralph L. Dotson, one of the petitioners, as the Republican nominee for the office of member of the County Court from Union District, Grant County, West Virginia.

Upon the petition filed by the petitioners, this Court issued a rule returnable September 7, 1966, at which time the case was submitted for decision upon the petition, the answer of the respondents, stipulation of the parties, certain exhibits, and upon briefs and oral arguments of counsel.

On September 13, 1966, this Court entered an order granting the writ prayed for in the petition and there-

by directed the respondents to reconvene as said Board of Canvassers, to reject and refuse to count the ballot in issue voted in favor of Brook Muntzing and to certify Ralph L. Dotson as the Republican nominee for the office of member of the County Court from Union District, Grant County. This opinion is now rendered for the purpose of stating the reasons for the award of the writ.

It is alleged in the petition, and it is uncontroverted, that at the primary election held on May 10, 1966, petitioner Dotson and respondent Muntzing were opposing candidates for the Republican nomination for the office of member of the County Court from Union District in Grant County; that the official canvass of the election revealed that each of the above candidates received a total of two hundred thirty-nine votes; that as a result of such tie vote each of said candidates requested a recount; that the recount was granted, during which it was determined that a ballot, voted in favor of Muntzing, at Streby Precinct No. 11 in Union District, was signed by only one poll clerk; that by reason of the omission of the signature of the other poll clerk petitioner Dotson objected to the counting of said ballot; and that, notwithstanding this petitioner's objection, the Board of Canvassers counted the questioned ballot and on May 26, 1966, certified the election as a tie vote.

In support of their prayer, the petitioners contend that inasmuch as the ballot in issue was signed by only one poll clerk, such ballot is void and can not be counted. The respondents, on the other hand, take the position that the transcript of testimony of the poll clerks, taken before said Board of Canvassers, clearly shows that there was no fraud, undue influence or unfair election practices during the election at Streby Precinct. Therefore, they aver, since the purpose of

the statutes requiring the signatures of both poll clerks on each ballot is to prevent fraud, the mandatory language of such statutes should not be invoked and the questioned ballot should be counted.

The sole question for determination in this proceeding is whether, under the provisions of our election statutes, a ballot, voted at an election, which has been signed by only one poll clerk is valid.

Code, 1931, 3-1-34, as amended, provides, in part: "When the voter's signature is properly on the poll book, the *two* poll clerks *shall* sign their names in the places indicated on the back of the official ballot and shall deliver the ballot to the voter to be voted by him then without leaving the election room." (Emphasis supplied.) The following language is contained in Code, 1931, 3-6-7, as amended: "Any ballot which is not endorsed with the names of the poll clerks, as provided in this chapter, shall be void and shall not be counted; * * * ,"

The clear and unqualified language of these statutes compels us to conclude that the duty of each poll clerk to sign a voter's ballot is mandatory, and if the signature of either is omitted, except on a challenged or absentee ballot, such ballot is void and shall not be counted. Commenting on these election statutes, although then under a different Code designation, this Court, in 1903, said in *Kirkpatrick v. Deegans*, 53 W. Va. 275, 44 S. E. 465: "* * * but where the statute both gives the directions and declares what the consequences of neglecting their observance shall be, there is no room for construction." The Court further said that these provisions are mandatory, and though their enforcement results in an "occasional throwing out of votes honestly cast, the courts cannot reconsider the mere question of policy." See *State ex rel. Bumgardner*

*v. Mills,* 132 W. Va. 580, 53 S. E. 2d 416; *Funkhouser v. Brotherton,* 124 W. Va. 713, 22 S. E. 2d 284; *State ex rel. Johnson v. Given,* 102 W. Va. 703, 136 S. E. 772; *State ex rel. Simon v. Heatherly,* 96 W. Va. 685, 123 S. E. 795.

The position taken by the respondents, as related above, is without merit. This Court consistently has held that "a board of canvassers, upon a canvass of election returns or a recount of election ballots, is without authority to hear and determine questions of fraud, illegality, or intimidation in an election." *State ex rel. Bumgardner v. Mills,* 132 W. Va. 580, 53 S. E. 2d 415. See also *Reynolds v. Board of Canvassers of Harrison County, et al.,* 117 W. Va. 770, 188 S. E. 229, and *State ex rel. Hatfield v. Farley,* 97 W. Va. 695, 126 S. E. 413. Furthermore, as stated elsewhere in this opinion, the clear language of these statutes will not permit construction thereof. The legislature did not make these provisions ineffective by reason of the ignorance, inadvertence or actual fraud of the poll clerks. *Kirkpatrick v. Deegans,* 53 W. Va. 275, 44 S. E. 465. They are unambiguous, mandatory expressions and the failure of the poll clerks, or either of them, to sign a voter's ballot will cause such ballot to be void. *State ex rel. Hammond v. Hatfield,* 137 W. Va. 407, 71 S. E. 2d 807.

For the reasons stated herein the writ of mandamus prayed for was awarded.

*Writ awarded.*