JENNINGS C. CROCKETT *and* TOMMY E. YOUNG

*v.*

LARRY W. ANDREWS, *et al.*, MEMBERS OF THE
POLICE CIVIL SERVICE COMMISSION OF
THE CITY OF CHARLESTON, *etc., et al.*

(No. 12844)

Submitted February 3, 1970.    Decided February 24, 1970.

Paul J. Kaufman, Stanley H. Sergent, Jr., for appellant.
Bernard D. Horan, Cleo S. Jones, for appellees.

CAPLAN, JUDGE:

This is an appeal from a final judgment of the Circuit Court of Kanawha County in a declaratory judgment proceeding instituted by Jennings C. Crockett, a sergeant in the Charleston Police Department, against the members of the Police Civil Service Commission and the Mayor of the City of Charleston. In that action the petitioner sought a construction of certain provisions of the Police Civil Service Laws of West Virginia and the Rules and Regulations of the Police Civil Service Commission of the City of Charleston and a declaration of his rights thereunder. The petition was subsequently amended to add Tommy E. Young as a petitioner. Also, certain members of the police department were impleaded as defendants in their individual rights and as representatives of a class composed of members of the department who had participated in the examination held by the Police Civil Service Commission for promotion to the positions of sergeants, lieutenants and captain of the Charleston Police Department.

The latter defendants filed a motion for summary judgment which motion was granted and the petition was dismissed. It is from this judgment that this appeal is prosecuted. Petitioner Crockett is not involved in this appeal, it having been determined in the trial court that even with the requested relief he would not have been eligible for promotion.

The appellant, Tommy E. Young, is a patrolman in the Charleston Police Department, having been originally appointed in November, 1949. He served with the police department continuously from the date of his appointment until September 16, 1963, when he voluntarily resigned. On October 23, 1963, approximately five weeks after his resignation, he applied for and was granted reinstatement in the police department. He has served continuously as a patrolman since that time.

In February, 1967 Mr. Young and other members of the police department took an examination for promotion to the rank of sergeant. This examination was offered by the Police Civil Service Commission of the City of Charleston, the conduct of which is provided for in Rule VIII of the rules and regulations of that commission. According to an exhibit filed with the petition, Mr. Young placed forty-ninth on the list of scores of the examination. The top four applicants on the list were promoted to the rank of sergeant. In arriving at the final score received by an applicant for promotion his seniority with the department is a material consideration. The Police Civil Service Commission credited Mr. Young with prior service, or seniority, only from the date of his reappointment, October 23, 1963. The appellant contends that, in accordance with the provisions of Rule VIII, Section 3 (e), he would be entitled to seniority from the date of his original appointment in November, 1949, less the year 1963 when he left the department for approximately five weeks. The commission rejected the appellant's contention, as did the circuit court.

In the trial of this matter the defendants relied on

three grounds, namely, that there was no justiciable controversy, that the petitioner did not follow the administrative remedies prescribed by the rules and that Rule VIII, Section 3 (e) contains a latent ambiguity which has been resolved by the commission consistent with the spirit of the statute and that such interpretation should not be disturbed by the courts. The trial court ruled against the defendants on the first two grounds and they are not now before this Court. It is the third ground with which this appeal is concerned.

Rule VIII, Section 3 (e) of the Rules and Regulations of the Police Civil Service Commission of the City of Charleston provides:

> "Seniority. The possible 100 points for this part shall be computed by awarding to each competitor 5 points for each full year of service he has had with the department, up to 20 years."

The sole issue on this appeal is whether said Rule VIII, Section 3 (e) is subject to the interpretation placed upon it by the commission or whether the commission should be required to apply the language thereof without interpretation.

The appellant takes the position that the language of the above quoted section is clear and unambiguous and should be applied, not construed. The appellees, on the other hand, assert that, this being a reasonable interpretation of said rule and one placed thereon by the commission over the years, such interpretation should be permitted to stand. Furthermore, says the appellees, Code, 1931, 8-14-12, as amended, relating to reinstatement of officers to the police force, must be read together with the above rule.

The rule with which we are concerned was promulgated and adopted by the Police Civil Service Commission of the City of Charleston pursuant to the authority given in Code, 1931, 8-14-11, as amended. (Formerly Code, 1931, 8-5A-6, as amended) It, therefore, has the force and effect of law. 2 Am. Jur. 2d, Administrative Law,

Section 292. That being so, the rules of statutory construction are applicable and must be employed to resolve this controversy.

It is basic in our law and universally accepted that where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation. As stated in 17 M. J., Statutes, Section 31, "The province of construction lies wholly within the domain of ambiguity. A statute is open to construction only where the language used requires interpretation because of ambiguity which renders it susceptible of two or more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning. Accordingly, it is only where there is some ambiguity in the statute or some uncertainty as to the meaning intended that resort may be had to rules of construction of statutes."

In *State ex rel. Fox* v. *The Board of Trustees of The Policemen's Pension or Relief Fund,* 148 W. Va. 369, 135 S. E.2d 262, the Court said in Point 1 of the Syllabus: "When a statute is clear and unambiguous and the legislative intent is plain the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." See *State ex rel. Dotson* v. *Van Meter,* 151 W. Va. 56, 150 S. E.2d 604; *Robertson* v. *Hatcher,* 148 W. Va. 239, 135 S. E.2d 675; *State ex rel. Wheeling Downs Racing Association* v. *Perry,* 148 W. Va. 68, 132 S. E.2d 922; *State ex rel. Hardesty* v. *Aracoma-Chief Logan No. 4523, Veterans of Foreign Wars,* 147 W. Va. 645, 129 S. E.2d 921; *Cawley* v. *The Board of Trustees of the Firemen's Pension or Relief Fund of The City of Beckley,* 138 W. Va. 571, 76 S. E.2d 683; and 50 Am. Jur., Statutes, Section 225.

Ambiguity is a term connoting doubtfulness, doubleness of meaning or indistinctness or uncertainty of an expression used in a written instrument. It has been declared that courts may not find ambiguity in statutory language which laymen are readily able to comprehend;

nor is it permissible to create an obscurity or uncertainty in a statute by reading in an additional word or words. As stated in the early case of *McClain Adm'r.* v. *Davis,* 37 W. Va. 330, 16 S. E. 629, 18 L.R.A. 634, "Where the language is unambiguous, no ambiguity can be authorized by interpretation." Plain language should be afforded its plain meaning. Rules of interpretation are resorted to for the purpose of resolving an ambiguity, not for the purpose of creating it.

In view of the foregoing undisputed legal principles, let us examine the rule under consideration. Rule VIII, Section 3 (e) is the only rule which concerns seniority. It clearly and unequivocally provides that each competitor shall receive "5 points for *each full year of service he has had with the department,* * * *." (Italics supplied) Is this not language which laymen are readily able to comprehend? Should the Police Civil Service Commission be permitted to read into that rule the words "uninterrupted," "consecutive," "continuous" or any like words so as to create an ambiguity and thereby call for interpretation? Application of the above principles of law to the plain language clearly requires an answer in the affirmative to the first question and a distinct answer in the negative to the second.

The appellees do not point out the ambiguity in the language of the subject rule. They merely say that their interpretation is reasonable and fair. If it is their belief that it is more reasonable and fair to base seniority on continuous years only, then it is within their province to amend the rule to obtain that result. This, however, must be done as provided by statute, not by interpretation. See Code, 1931, 8-14-11, as amended. (Formerly Code, 1931, 8-5A-6, as amended)

A further contention of the appellees is that the meaning given to those words should be permitted to stand by reason of many years of administrative interpretation. While long standing interpretation of its own rules by an administrative body is ordinarily afforded much

weight, such interpretation is impermissible where the language is clear and unambiguous. 2 Am. Jur. 2d Administrative Law, Section 307. See *M. Kraus & Bros.* v. *United States*, 327 U. S. 614, 90 L. Ed. 894, 66 S. Ct. 705; and *State ex rel. Blair* v. *Gettinger*, 230 Ind. 588, 105 N. E.2d 161. The cases cited immediately above support the proposition that rights created or benefits conferred by an administrative rule should not be extended by interpretation beyond the plain terms of the rule itself. To do so, say those authorities, would create rules by interpretation, thus defeating the legislative requirement that rules may be adopted only by compliance with required formalities such as printing and public distribution. Code, 1931, 8-14-11, as amended.

The appellees point out that when Mr. Young was reinstated as a policeman, after an absence of five weeks, he was subject to the provisions of Code, 1931, 8-14-12, as amended, the pertinent part of which read: "* * * if such individual shall be so appointed by reinstatement to the paid police department, he shall be the lowest in rank in the department next above the probationers of the department." This is undenied. Nor is it denied that Mr. Young was reinstated to the rank of patrolman next above probationers. This statute concerns rank, not seniority. One may be reduced in rank from lieutenant to patrolman but may still retain his seniority. Rank means an official grade or position while the term seniority connotes priority or precedence achieved by length of service in a given job. There is no inconsistency between the above statute and Rule VIII, Section 3 (e). One does not affect the other.

For the reasons stated herein, the judgment of the Circuit Court of Kanawha County is reversed and the case is remanded to that court for such further proceedings, consonant with this opinion, as may be proper.

*Reversed and remanded.*