591 S.E.2d 129

**B B ENTERPRISE, INC., Plaintiff Below, Appellant,**

v.

**Joseph M. PALMER, State Tax Commissioner, Defendant Below, Appellee.**

Nos. 31239, 31240.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 24, 2003.

Decided Nov. 14, 2003.

---

Christopher S. Smith, Esq., Hoyer, Hoyer, Smith & Miesner, PLLC, Charleston, for Appellants.

Darrell V. McGraw, Jr., Esq., Attorney General, Stephen Stockton, Sr. Asst. Attorney General, Charleston, for Appellee.

McGRAW, Justice.

These consolidated cases are before this Court on appeals by B B Enterprise, Inc. and JDA Management, Inc. (hereinafter collectively referred to as "Taxpayers"), two West Virginia corporations which operate exotic show bars and adult entertainment establishments. The Taxpayers appeal separate orders entered April 25, 2002, in the Circuit Court of Kanawha County,[1] which required them to pay consumers sales and service tax or purchasers use tax on "special drink" and "private dance" services provided by exotic dancers hired by the Taxpayers.

For the reasons set forth below, we find that the "special drink" and "private dance" services were purchased by the Taxpayers from the dancers for resale to patrons, the ultimate consumers of the services. Because services which are purchased for resale are not subject to tax under *W.Va.Code* § 11–15–2(s) and 110 C.S.R. § 15.33.4.5, the West Virginia State Tax Department's ("State Tax Department") assessment of taxes against the Taxpayers for these services was improper. Accordingly, we reverse the circuit court's orders and remand these cases to the circuit court for the entry of orders consistent with this opinion.

## I.

## FACTS

The Taxpayers operate exotic show bars and adult entertainment establishments which advertise and prominently feature exotic dancing by female dancers. Upon entering these establishments, patrons pay a cover charge, which entitles them to view floor shows of the exotic dance performances.[2]

Once inside the establishments, those patrons who elect to purchase a "special drink" or a "private dance" may do so at an extra charge. When a patron purchases a higher-priced "special drink" for one of the dancers—in exchange for some personal attention from the dancer—the patron is charged by the Taxpayers the full statutory consumers sales and service tax of 6%. Likewise, when a patron purchases a "private dance," which entitles him to relocate to a private setting within the bar for a personal performance by one of the dancers, the Taxpayers collect from the patron the full statutory consumers sales and service tax of 6%. It is undisputed that in both instances, the collected tax is remitted to the State Tax Department *See W.Va.Code* §§ 11–15–5; 11–15A–5 and 10.

The record reveals that the dancers who provide "special drink" and "private dance" services are independent contractors. Pursuant to the written independent contractor agreements between the dancers and the Taxpayers, the Taxpayers pay to the dancers some portion of the purchase price paid by the patron for the "special drink" and "private dance" services provided. The Taxpayers contend the subject services are actually purchased from the dancers for resale to patrons and, therefore, are not taxable, under *W.Va.Code* § 11–15–2(s) and 110 C.S.R. § 15.33.4.5. The Taxpayers point out that the patrons, as the ultimate consumers of the dancers' services, pay consumers sales and service tax upon their purchase of the services. Thus, the State Tax Department's assessment of taxes against the Taxpayers for these services amounts to an impermissible double tax.

In contrast, it is the State Tax Department's position that the payments to the dancers by the Taxpayers are taxable because the payment is in the nature of a commission for the dancers' marketing and sale of higher-priced "special drinks;" in the case of "private dances," the State Tax Department argues the payment is actually a rental fee paid by the dancer to the Taxpay-

---

1. The April 25, 2002 orders entered in these cases are virtually identical except with regard to the assessment period and the amount of taxes assessed against each Taxpayer. *See* Section I, *infra*.

2. It is undisputed that the Taxpayers charge patrons the full statutory consumers sales and service tax of six percent (6%) on the cover charge; the collected tax is then remitted to the State Tax Department *See W.Va.Code* §§ 11–15–5; 11–15A–5 and 10.

ers in exchange for a setting within the bar where the dancers may conduct private performances for patrons.

On November 18, 1998, the State Tax Department issued a purchaser's use tax assessment against Taxpayer B B Enterprise, Inc., for the period January 1, 1995 through July 31, 1996, for the total amount of $12,188.00, including interest. Also on that date, the State Tax Department issued a purchaser's use tax assessment against Taxpayer JDA Management, Inc., for the period August 1, 1996 through December 31, 1997, for the total amount of $17,499.00, including interest. In both cases, the Taxpayers timely filed Petitions for Reassessment.

On April 13, 1999, an administrative hearing concerning both cases[3] was conducted before Hearing Examiner Nisar A. Kalwar. In orders entered March 31, 2000, the ALJ affirmed the tax assessments issued against the Taxpayers.

The Taxpayers timely filed Petitions for Appeal in the Circuit Court of Kanawha County. *W.Va.Code* § 11–10–10.[4]

By orders entered April 25, 2002, the circuit court held that pursuant to *W.Va.Code* § 11–15–2(s) and 110 C.S.R. § 15.33.4.5, the "special drink" and "private dance" services purchased by the Taxpayers from the dancers, and resold to patrons, are services which are purchased for resale. Though the circuit court recognized services which are purchased for resale to be exceptions to the consumers sales and service tax, the court nevertheless affirmed the hearing examiner's decisions; the court held the Taxpayers' purchases of the dancers' "special drink" and "private dance" services are taxable pursuant to another statute, *W.Va.Code* § 11–15–9(a)(41). Under *W.Va.Code* § 11–15–9(a)(41), sales of artistic performances of an entertainer to bars and other entertainment facilities are tax exempt if the sale does not exceed $3,000.00; however, the statute excludes "nude dancers or strippers ... as entertainers for the purposes of this exemption[.]" The circuit court held that "W.Va. Code § 11–15–9(a)(41) specifically addresses what the Legislature holds in regard to services purchased for resale in an entertainment setting and holds that nude or strip show presentations cannot take advantage of this exemption." Orders of the Circuit Court of Kanawha County, entered April 25, 2002. It is from these orders that the Taxpayers now appeal.[5]

## II.

## STANDARD OF REVIEW

■ It is well settled that where the facts presented on appeal are undisputed, as in the instant appeal, and issues before the Court involve a question of law in view of those facts, our review is *de novo*. As we held in syllabus point two of *Osborne v. United States*, 211 W.Va. 667, 567 S.E.2d 677 (2002), " '[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute we apply a *de novo* standard of review.' Syllabus point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)."

## III.

## DISCUSSION

The issue in this consolidated appeal involves the transaction between the Taxpay-

---

3. Mr. Joseph Anania appeared at the April 13, 1999 hearing as the president and a stockholder of both Taxpayers, as well as of a third taxpaying entity, R & J Club Platinum No. 1. Though a party to the administrative proceeding, it appears that the appeal taken by R & J Club Platinum was heard separately. Consequently, the tax matter involving R & J Club Platinum is not part of the instant appeal.

4. According to the parties, the instant cases share a single stipulated record with and are factually identical to five other cases either pending in the Circuit Court of Kanawha County or already resolved by that court. Notably, one of those cases, *W & R Corp., d/b/a Shockers Lounge*

*v. Palmer*, Civil Action No. 00–AA–199, was resolved in favor of the Taxpayer, by order entered December 17, 2001. The State Tax Department's Petition for Appeal from that order was refused by this Court by order entered October 30, 2002.

5. The Taxpayers filed Petitions for Appeal from the circuit court's orders, which petitions were refused by orders entered February 13, 2003. The Taxpayers filed motions to renew their respective petitions for appeal, which were ultimately granted by orders entered March 27, 2003.

ers and the dancers for "special drink" and "private dance" services and whether the Taxpayers' payments to the dancers for these services are taxable. As indicated above, the circuit court held that the "special drink" and "private dance" services purchased by the Taxpayers from dancers for resale to patrons constitute "service[s] which [are] purchased for resale," and as such, are excepted from the consumers sales and service tax. *W.Va.Code* § 11–15–2(s) and 110 C.S.R. § 15.33.4.5. The court also held, however, that even though the purchase of the services for resale are an exception to the consumers sales and service tax, the payments to the dancers are, nevertheless, subject to tax, under *W.Va.Code* § 11–15–9(a)(41). *W.Va.Code* § 11–15–9(a)(41) provides a tax exemption for the sale of artistic performances under certain circumstances but excludes from the exemption entertainment provided by nude dancers and strippers.

Though this Court agrees with the circuit court's conclusion that the Taxpayers' purchases of the dancers' services for resale to patrons are not taxable under *W.Va.Code* § 11–15–2(s) and 110 C.S.R. § 15.33.4.5, we find the court erred in its latter holding that the purchases are subject to tax under *W.Va. Code* § 11–15–9(a)(41).

### A.

■ *W.Va.Code* § 11–15A–2(a) provides that "[a]n excise tax is hereby levied and imposed on the use in this state of ... taxable services, to be collected and paid ... at the rate of six percent [6%] of the purchase price of such ... taxable services.... 'Taxable services,' for the purposes of this article, means services of the nature that are subject to the tax imposed by ... [§§ 11–15–1 et seq.]...." *Id.*, in relevant part.[6] Importantly, the stated legislative intent of the subject tax is that it "shall be passed on to and *be paid by the ultimate consumer.*" *W.Va.Code* § 11–15–10, in relevant part (emphasis added). To that end, *W.Va.Code*

§ 11–15–2(s) defines taxable "service" as including

> all nonprofessional activities engaged in for other persons for a consideration, which involve the rendering of a service as distinguished from the sale of tangible personal property, *but shall not include* contracting, personal services or the services rendered by an employee to his or her employer or *any service rendered for resale.*"

*Id.* (emphasis added). Likewise, services which are purchased for resale are specifically excepted from tax, as set forth in 110 C.S.R. § 15.33.4.5, which provides:

> Enumerated Services Excepted.—Consumers sales and service tax shall not apply to any of the following services: .... A service which is purchased for resale. A service is purchased for resale when it is subcontracted by the person who is contracted to perform the service[.]

Further, the foregoing legislative rule includes several examples of services which are purchased for resale and therefore are excepted from consumers sales and service tax. The facts of the instant cases are analogous to the rule's "Example 3," which states:

> B owns an auto repair shop and C brings an automobile in to have the air conditioning fixed. B is unable to fix the unit so the car is sent to G who is an air conditioning specialist. The sale of G's service to B is a sale for resale by B to C."

110 C.S.R. § 15.33.4.5, in pertinent part.

To recapitulate, "services" which are subject to the consumers sales and service tax or use tax under *W.Va.Code* §§ 11–15–1 et seq. and 11–15A–1 et seq. include "all nonprofessional activities engaged in for other persons for a consideration, which involve the rendering of a service as distinguished from the sale of personal property, but shall not include contracting, personal services or the services rendered by an employee to his or her employer or any service rendered for resale." *W.Va.Code* § 11–15–2(s). Under 110 C.S.R. § 15.33.4.5, consumers sales and service tax shall not apply to, *inter alia,* "[a]

6. *W.Va.Code* § 11–15–1 et seq., concerning the consumers sales and service tax, and *W.Va.Code* § 11–15A–1 et seq., concerning the use tax, are "complementary laws and wherever possible [are to] be construed and applied to accomplish such intent as to the imposition, administration and collection of such taxes." *W.Va.Code* §§ 11–15–1a and 11–15A–1a.

service which is purchased for resale. A service is purchased for resale when it is subcontracted by the person who is contracted to perform the service."

In the instant cases, the Taxpayers advertise that their establishments offer exotic dancing entertainment and, in return for providing such entertainment, the Taxpayers require patrons to pay a cover charge upon entering. The Taxpayers subcontract the dancing services to female dancers, who provide floor show performances for the general population of patrons who pay a cover charge as well as "special drink" and "private dance" services for those patrons who choose to pay for such services. Pursuant to the independent contractor agreements between the dancers and the Taxpayers, the dancers receive a portion of the purchase price paid by patrons for these services. Based upon these facts, we find that the Taxpayers purchase these "special drink" and "private dance" services from the dancers for resale to patrons, who are the ultimate consumers of the services. Upon resale to patrons, consumers sales and service tax is paid and the collected tax remitted by the Taxpayers to the State Tax Department. Thus, the "special drink" and "private dance" services purchased from the dancers by the Taxpayers for resale to patrons are excepted from tax under *W.Va.Code* § 11–15–2(s) and 110 C.S.R. § 15.33.4.5.

### B.

■ While this Court agrees with the circuit court's April 25, 2002 orders to the extent the court held the "special drink" and "private dance" services are purchased for resale to patrons and are not taxable under *W.Va.Code* § 11–15–2(s) and 110 C.S.R. § 15.33.4.5, the issue of whether the court properly affirmed the tax assessed under *W.Va.Code* § 11–15–9(a)(41) remains. The Taxpayers contend that, by its own language, *W.Va.Code* § 11–15–9(a)(41) is simply not applicable to the transactions at ˙issue. We agree.

■ We have long held that " '[w]here the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation.' Syl.

pt. 2, *Crockett v. Andrews,* 153 W.Va. 714, 172 S.E.2d 384 (1970)." Syl. pt 4, *Syncor Int'l Corp. v. Palmer,* 208 W.Va. 658, 542 S.E.2d 479 (2001). *See State ex rel. Riffle v. Ranson,* 195 W.Va. 121, 126, 464 S.E.2d 763, 768 (1995) (" 'the starting point in every case involving construction of a statute is the language of the statute itself.' " (Internal citation omitted)).

*W.Va.Code* § 11–15–9(a) authorizes a tax exemption on the sale of certain services and tangible personal property. More specifically, *W.Va.Code* § 11–15–9(a)(41) exempts, *inter alia,*

> sales of ... artistic services or artistic performances of an entertainer or performing artist pursuant to a contract with the owner or operator of a ... bar, tavern ... or other entertainment facility ... in which the public or a limited portion of the public may assemble to ... see ... artistic works be performed ... when the amount paid by the owner or operator for the artistic service or artistic performance does not exceed three thousand dollars [$3,000.00]: .... *For the purposes of this exemption, artistic performance or artistic service ... does not include ... nude or strip show presentations.... Provided further. That nude dancers or strippers may not be considered as entertainers for the purposes of this exemption* [.]

*Id.,* in relevant part. (Emphasis added)

The language of *W.Va.Code* § 11–15–9(a)(41) is clear and unambiguous. The $3,000.00 artistic service and performance exemption provided therein expressly excludes nude dancing from the exemption: "For the purposes of this exemption, artistic performance or artistic service ... does not include ... nude or strip show presentations.... Provided further, That nude dancers or strippers may not be considered as entertainers for the purposes of this exemption[.]" *Id.,* in relevant part. Clearly then, the patrons' purchase from the Taxpayers of "special drink" and "private dance" services provided by the exotic dancers are expressly not entitled to the exemption provided in *W.Va.Code* § 11–15–9(a)(41). Indeed, it is undisputed that the full statutory consumers sales and

service tax is paid by patrons upon their purchase of these services.

The transaction at issue, on the other hand, involving the Taxpayers' purchase from the dancers of "special drink" and "private dance" services for resale to patrons, is another matter. Despite *W.Va.Code* § 11–15–9(a)(41)'s plain language, the circuit court concluded the statute "specifically addresses what the Legislature holds in regard to *services purchased for resale* in an entertainment setting and holds that nude strip show presentations cannot take advantage of this exemption." April 25, 2002 Orders, in part. (Emphasis added) We find this conclusion to be wholly unsupported by the clear and unambiguous language of the statute. As already established, the Taxpayers' purchase of "special drink" and "private dance" services from the dancers, for resale to patrons, is an exception to the consumers sales and service tax under *W.Va.Code* § 11–15–2(s) and 110 C.S.R. § 15.33.4.5. Nothing in the plain language of the exemption set forth in *W.Va.Code* § 11–15–9(a)(41) abrogates or otherwise affects the exception to which the Taxpayers are entitled under *W.Va.Code* § 11–15–2(s) and 110 C.S.R. 15.33.4.5. Thus, the circuit court's conclusion to the contrary was reversible error.

## IV.

## CONCLUSION

For the reasons stated, the April 25, 2002 Orders of the Circuit Court of Kanawha County are reversed and these cases are remanded to the circuit court with directions to enter orders in both cases consistent with this opinion.

Reversed and remanded with directions.