# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**J.H.,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0540** (Kanawha County No. 22-AA-29)

**West Virginia Board of Medicine,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner J.H.[1] appeals the Circuit Court of Kanawha County's June 3, 2021, order dismissing his appeal of a decision by respondent, the West Virginia Board of Medicine ("the Board"), not to institute disciplinary charges against a doctor who treated petitioner.[2]

In 2013, petitioner filed a complaint with the Board against a medical doctor licensed by the Board, claiming that the doctor acted unprofessionally and unethically. The Board docketed the complaint and allowed the parties to submit information. On March 9, 2014, the Board entered a decision declaring that the information provided by petitioner failed to support a finding of probable cause to initiate a disciplinary action or otherwise substantiate disqualification of the doctor from the practice of medicine. The Board closed petitioner's complaint the next day. Two years later, the Board expunged petitioner's complaint from its records as required by West Virginia Code § 30-3-9(f) but retained a copy of its decision in petitioner's case.

Seven years later, in April of 2021, petitioner contacted the Board about the status of his complaint and was told it had been closed. The Board responded that its March 2014 decision would have been sent to the address listed on petitioner's complaint, and then sent petitioner a copy of its decision in the case. Petitioner appealed the decision to the circuit court. The circuit court dismissed the appeal finding, as a matter of law, that petitioner lacked standing because the

---

[1] We follow our traditional practice in cases involving sensitive facts and use initials to identify the petitioner rather than his full name. *See, e.g.*, *In re Jeffrey R.L.*, 190 W. Va. 24, 26 n.1, 435 S.E.2d 162, 164 n.1 (1993).

[2] Petitioner is self-represented. The West Virginia Board of Medicine appears by Greg S. Foster and Jamie S. Alley.

1

West Virginia Medical Practice Act ("the Act") only permits a doctor against whom disciplinary action is taken to appeal a decision by the Board.

Petitioner now appeals the circuit court's ruling. Because the rulings involve questions of law, our standard of review is de novo. Syl. Pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996); W.Va.Code § 29A-5-4(a).

Petitioner raises seven assignments[3] of error on appeal. The preliminary decision to institute and prosecute disciplinary charges against a licensee rests in the Board's sound discretion. *See Thompson v. W. Va. Board of Osteopathy*, 191 W. Va. 15, 442 S.E.2d 712 (1994). Nothing in the Act or the Board's legislative rules requires the Board to hold a hearing prior to dismissing a professional conduct complaint for lack of probable cause. See W. Va. Code §§ 30-3-1 to -19; 11 C.S.R. §§ 3.1 to 3.19.

Moreover, we decline to consider petitioner's assignments of error because, as a matter of law, petitioner does not have standing to challenge or appeal the Board's decision. West Virginia Code § 30-3-14(l) provides the right to judicial review only to medical professionals "against whom disciplinary action is taken pursuant to this article" by the Board.[4] "Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation." Syl. Pt. 2, *Crockett v. Andrews*, 153 W. Va. 714, 172 S.E.2d 384 (1970). The Act is clear that complainants have no right to judicial review if their complaint is dismissed by the Board of Medicine. Hence, petitioner did not have standing to seek a review of the Board's decision, and the circuit court's dismissal of petitioner's appeal was correct.

Affirmed.

**ISSUED:** October 17, 2022

**CONCURRED IN BY:**

---

[3] Petitioner claims that the circuit court erred in failing to: (1) "comply with statutory hearing requirements by conducting a hearing, without agreement of the parties, sooner than ten days after the filing of the petition and with no notice to such date and time forthwith given to the petitioner [and] to notify the parties of a conflict of interest and recuse [it]self"; (2) "acknowledge loss of original papers . . . and give due legal and lawful effect of all papers supplied"; (3) "mark filed [on] the case on the date the documents were physically tendered to the clerk."; (4) "act[] in sole reliance on an[] exclusive use of post hoc explanations by agency counsel"; and (5) "appl[y] the correct appeal process law . . . and [in] creat[ing] an arbitrary statute of limitations that is not found in the applicable legislative appeal scheme." Petitioner further claims that both the Board and the circuit court (6) denied him procedural due process, and (7) failed to follow the law in performing their non-discretionary duties.

[4] West Virginia Code § 30-3-14(l) provides, in pertinent part, that "[a]ny person against whom disciplinary action is taken pursuant to this article has the right to judicial review as provided in §29A-5-1 *et seq*. and §29A-6-1 *et seq*. of this code[.]"

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn

**DISQUALIFIED:**

Justice William R. Wooton