# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CRM WORKFORCE SOLUTIONS, LLC,**
**Employer Below, Petitioner**

**vs.) No. 23-ICA-439**        (JCN: 2023012877)

**OSCAR CRUZ LAINES,**
**Claimant Below, Respondent**

**FILED**
**December 27, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner CRM Workforce Solutions, LLC ("CRM") appeals the September 5, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Oscar Cruz Laines timely filed a response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's orders, which denied Mr. Cruz Laines temporary total disability ("TTD") benefits and denied his authorization for surgery.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cruz Laines sustained an injury to his right thumb on December 16, 2022, while working for CRM. Mr. Cruz Laines sought treatment at Pleasant Valley Hospital and underwent an x-ray of the right hand, which revealed a soft tissue defect along the distal first digit; multiple small radiodensities in the region suspicious for foreign bodies; cortical disruption along the ventral aspect of the first digit distal phalanx; and an avulsed fracture fragment along the ulnar aspect of the base of the first digit distal phalanx, with sclerotic margins suggesting chronicity. Mr. Cruz Laines was diagnosed with a laceration of the right thumb and an open avulsion fracture of the distal phalanx of "finger."

On February 10, 2023, Mr. Cruz Laines was seen by Warren Reynolds, PA-C. Mr. Reynolds diagnosed a fracture of the distal phalanx of the thumb and expressed concern that Mr. Cruz Laines could develop an infection due to the open fracture. Mr. Cruz Laines was next seen by William Stewart, M.D., on February 13, 2023. Dr. Stewart noted that Mr.

---

[1] CRM is represented by Jeffrey B. Brannon, Esq., and Loren C. Allen, Esq. Mr. Cruz Laines is represented by William B. Gerwig III, Esq.

1

Cruz Laines continued to have significant pain and limited active flexion in the right thumb. Dr. Stewart diagnosed a fracture of the distal phalanx of the right thumb, recommended "protection during work and gentle range of motion when at home," and provided Mr. Cruz Laines with an aluminum foam splint.

Mr. Cruz Laines returned to see Dr. Stewart on February 28, 2023, and reported that his thumb was a little better but that he still had pain and stiffness. Dr. Stewart noted decreased range of motion in the right thumb and stated that Mr. Cruz Laines could work if he is able to avoid lifting or gripping with his right hand.

On March 29, 2023, Mr. Cruz Laines underwent an occupational therapy evaluation and reported that his thumb had improved over the last week with a mild decrease in hypersensitivity. The accompanying report, dated April 10, 2023, indicated that the "[o]nly concerns for improvement in hypersensitivity is for residual retained material or development of a neuroma in the future."

Mr. Cruz Laines completed an Employees' and Physicians' Report of Occupational Injury on April 19, 2023, and indicated that he injured his right thumb while cutting metal pipes. Dr. Stewart completed the physicians' section on a later date and described the injury as a crushed right thumb with fracture and nerve injury. Dr. Stewart also indicated that Mr. Stewart was to remain off work from December 16, 2022, through July 1, 2023.

On May 23, 2023, Mr. Cruz Laines was again seen by Dr. Stewart and reported moderate to severe tenderness of the ulnar tip of the thumb, a persistent mass or bulge that is extremely painful to touch, limited flexion in the IP joint, and a nail deformity of the right thumb. Dr. Stewart diagnosed acquired deformity of the nail, neuroma digital nerve, and crushing injury of the right thumb. Dr. Stewart explained to Mr. Cruz Laines that the "only option would be to surgically explore the area in hopes of finding a neuroma which could be excised." Dr. Stewart also stated that he could address the nail deformity by excising and ablating the nail remnant. Lastly, Dr. Stewart indicated that Mr. Cruz Laines remained off work as no modified duty was available.

By order dated May 30, 2023, the claim administrator held the claim compensable on a no lost time basis for displaced fracture of the right thumb; crushing injury of the right thumb; and digital nerve injury, right thumb injury of digital nerve of right thumb. That same day, counsel for Mr. Cruz Laines requested authorization for the surgery recommended by Dr. Stewart and included a note from Dr. Stewart which indicated that Mr. Cruz Laines was being scheduled for surgery on his thumb for a possible neuroma and nail bed repair. Dr. Stewart later completed an Attending Physician Benefits Form, which indicated that Mr. Cruz Laines' period of disability was from March 22, 2023, through July 15, 2023, depending on the surgery date. Mr. Cruz Laines protested the May 30, 2023, order.

On June 1, 2023, the claim administrator issued an order denying authorization for the surgery, finding that there was no medical evidence indicating that the requested surgery was medically necessary or reasonably required to treat the compensable injury. Mr. Cruz Laines protested this order. Mr. Cruz Laines returned to see Dr. Stewart on June 27, 2023, with similar complaints such as tenderness and numbness. Dr. Stewart noted that Mr. Cruz Laines was unable to grip things as a result of the injury. The plan for the thumb was a surgical exploration in hopes of finding a neuroma with subsequent excision and repair.

On August 3, 2023, CRM submitted a closing argument to the Board contending that Mr. Cruz Laines had not missed any work due to the compensable injury until March 23, 2023. CRM argued that the claim was held compensable on a no lost time basis and asserted that if Mr. Cruz Laines desired TTD benefits, he should petition to reopen the claim rather than appeal the order on compensability to accomplish his goal. CRM further argued that the surgery requested by Dr. Stewart was to treat non-compensable conditions. Mr. Cruz Laines also submitted closing arguments to the Board.

By order dated September 5, 2023, the Board reversed the claim administrator's June 1, 2023, order denying authorization for the surgery and granted the request. The Board modified the claim administrator's May 30, 2023, order holding the claim compensable on a no lost time basis and granted TTD benefits from March 23, 2023, through July 15, 2023, and continuing thereafter as substantiated by credible medical evidence.

The Board found that the claim had been held compensable for displaced fracture of the right thumb; crushing injury of the right thumb; and digital nerve injury, right thumb injury of digital nerve of right thumb, and noted that Mr. Cruz Laines continued to have pain, limited motion, and a nail deformity which rendered him unable to perform his job activities. The Board found that Dr. Stewart's opinion that surgery was necessary was uncontradicted by any medical evidence. As such, the Board found that the evidence demonstrated that the surgery was medically necessary and reasonably required to treat the compensable injury. The Board further determined that Mr. Cruz Laines was entitled to TTD benefits based on Dr. Stewart's report, which indicated that Mr. Cruz Laines was temporarily and totally disabled from March 23, 2023, through July 15, 2023, depending on the date of surgery. CRM now appeals and filed an accompanying motion for stay, which this Court refused by order dated November 9, 2023.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the

3

Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;

(2) In excess of the statutory authority or jurisdiction of the Board of Review;

(3) Made upon unlawful procedures;

(4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, CRM raises two assignments of error. CRM first argues that the Board erred in granting Mr. Cruz Laines TTD benefits when "there is no evidence that [he] missed more than [three] days of work due to the compensable injury in this claim and when [Mr. Cruz Laines'] own evidence establishes that [he] is not alleging any disability prior to March 23, 2023." CRM cites to West Virginia Code § 23-4-5 (2003)[2] and to West Virginia Code of State Rules § 85-1-5.1 (2009)[3] to argue that Mr. Cruz Laines was not entitled to TTD benefits because there was no evidence that he was taken off work for more than three calendar days immediately following the date of the injury. CRM states that, rather, Mr. Cruz Laines' evidence indicates that he worked through March 23, 2023, and that because the injury was December 16, 2023, the claim administrator did not err in holding the claim compensable on a no lost time basis. CRM argues that if Mr. Cruz Laines sought TTD benefits, he should have filed a petition to reopen the claim for benefits but did not. Because the issue before the Board was compensability on a no lost time basis, CRM contends that the Board's order granting TTD benefits was clearly wrong and in excess of its jurisdiction and authority.

---

[2] West Virginia Code § 23-4-5, in relevant part, provides that: "[i]f the period of disability does not last longer than three days from the day the employee leaves work as the result of the injury, no award shall be allowed, except the disbursements provided for in the two next preceding sections[.]"

[3] West Virginia Code of State Rules § 85-1-5.1, in relevant part, provides that: "[t]o qualify for temporary total disability benefits, the claimant must be unable to work as a result of the compensable injury more than three (3) consecutive calendar days following the date of injury before benefits become payable."

We disagree. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we are unable to conclude that the Board was clearly wrong in modifying the claim administrator's order and granting Mr. Cruz Laines TTD benefits.

We first note that CRM's arguments presume that West Virginia Code § 23-4-5 and West Virginia Code of State Rules § 85-1-5.1 are to be read to mean that a claimant must be temporarily and totally disabled for three consecutive days immediately following the compensable injury in order to be entitled to TTD benefits. However, no such immediacy language can be found in either the statute or the rule. West Virginia Code § 23-4-5 provides that a claimant must be temporarily and totally disabled for three days "from the day that the employee leaves work as a result of the injury." West Virginia Code of State Rules § 85-1-5.1 requires that a claimant be temporarily and totally disabled for "more than three (3) consecutive calendar days following the date of injury." Neither the statute nor the rule requires a claimant to be temporarily and totally disabled for more than three days *immediately* following the compensable injury in order to qualify for TTD benefits. As the Supreme Court of Appeals has repeatedly held, "[w]here the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation." Syl. Pt. 2, *Crockett v. Andrews*, 153 W. Va. 714, 172 S.E.2d 384 (1970). Accordingly, we decline to read the statute and the rule cited to by CRM as requiring that a claimant be temporarily and totally disabled for more than three days immediately following the compensable injury.

Moreover, the evidence is clear that Mr. Cruz Laines became temporarily and totally disabled due to his work-related injury. The medical records indicate that Mr. Cruz Laines continued to complain of pain in his thumb and underwent occupational therapy, which ultimately did not address his complaints, and he eventually ceased working. Dr. Stewart recommended that Mr. Cruz Laines undergo exploratory surgery to address the continued complaints of pain and assisted Mr. Cruz Laines in completing an application for workers' compensation benefits, which indicated that Mr. Cruz Laines had ceased working on March 23, 2023, due to the compensable injury. As such, at the time that the claim administrator issued its order on compensability, it was well aware that Mr. Cruz Laines had ceased working for more than three days due to the work-related injury. Accordingly, the claim administrator should have granted TTD benefits with the initial compensability order, and the Board was not clearly wrong in modifying the order to do so.

CRM's second assignment of error states that the Board erred in reversing the claim administrator's order and authorizing surgery for a possible neuroma and nailbed repair. According to CRM, the claim administrator held the claim compensable for displaced fracture of the right thumb; crushing injury of the right thumb; and digital nerve injury,

right thumb injury of digital nerve of right thumb. However, the request for surgery listed the applicable diagnoses as "acquired deformity of nail" and "neuroma digital nerve," neither of which, according to CRM, are compensable. CRM also points out that the requested surgery was exploratory in nature and could worsen Mr. Cruz Laines' condition and, as such, was not medically necessary or reasonably related to the compensable conditions in this claim.

Again, we disagree. West Virginia Code § 23-4-3(a)(1) (2005) provides that the claim administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies. Here, Dr. Stewart noted that Mr. Cruz Laines' continued symptoms and deformed nailbed were a direct result of the compensable injury, and listed neuroma digital nerve as the diagnosis on the surgery authorization request. Importantly, digital nerve injury of the right thumb is a compensable condition. That the surgery could worsen the condition is a risk typically associated with any surgical procedure, yet Dr. Stewart's surgical recommendation was not rebutted by medical evidence. Therefore, we find that the evidence demonstrates that this request for authorization of the surgery is medically necessary and reasonably related to the compensable conditions in the claim. The Board did not clearly err in authorizing Dr. Stewart's request for surgery.

For the foregoing reasons, we affirm the Board's September 5, 2023, order.

Affirmed.

**ISSUED:** December 27, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

6