IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**September 30, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**IN RE: L.A.G.**

**No. 25-ICA-107**     (Cir. Ct. of Lewis Cnty. Case No. CC-21-2024-G-4)

## MEMORANDUM DECISION

Petitioner L.A.G.[1] appeals two orders from the Circuit Court of Lewis County. First is the Order of Appointment of Guardian and/or Conservator entered on December 23, 2024, which found that petitioner was a protected person and appointed Respondent K.L.G. as his guardian and conservator. Second is the February 11, 2025, order denying petitioner's motions for a new trial and dismissal of the case. Respondent filed a response.[2] The guardian ad litem ("GAL") filed a summary response in support of the circuit court's orders. Petitioner did not file a reply.[3]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the circuit court's decision is vacated, and this case is remanded for further proceedings consistent with this decision.

On July 5, 2024, respondent filed a petition alleging that petitioner was a protected person and seeking appointment as petitioner's guardian and conservator pursuant to the West Virginia Guardianship and Conservatorship Act ("Act"). *See generally* W. Va. Code §§ 44A-1-1 to -5-9. On July 7, 2024, the circuit court entered an order appointing petitioner's GAL. Respondent filed the original notice of hearing on July 10, 2024, stating that the matter was set for hearing before the mental hygiene commissioner ("MHC") on July 29, 2024. It is undisputed that this notice of hearing was not prepared using the notice

---

[1] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[2] On appeal, petitioner is represented by Scott Curnutte, Esq. Respondent is represented by Trena Williams, Esq. The GAL is Ty Talbert, Esq.

[3] At the time of this decision, Mr. Curnutte's law license is currently suspended as a result of unrelated attorney disciplinary proceedings by decision of the Supreme Court of Appeals of West Virginia dated June 6, 2025.

1

of hearing form promulgated by the Supreme Court of Appeals of West Virginia ("SCAWV") for guardianship and conservatorship matters, and as a result, the notice did not comport with the requirements of West Virginia Code § 44A-2-6(d) (2009), which states:

> The notice shall include a brief statement in large print of the purpose of the proceedings and shall inform the alleged protected person of the right to appear at the hearing, the right to an attorney and the right to object to the proposed appointment. Additionally, the notice shall include the following statement in large print:
>
> ### POSSIBLE CONSEQUENCES OF A COURT FINDING THAT YOU ARE INCAPACITATED
>
> > At the hearing you may lose many of your rights. A guardian may be appointed to make personal decisions for you. A conservator may be appointed to make decisions concerning your property and finances. The appointment may affect control of how you spend your money, how your property is managed and controlled, who makes your medical decisions, where you live, whether you are allowed to vote and other important rights.

Petitioner was personally served with a copy of the petition, notice of hearing, and evaluation report on July 16, 2024.[4] That same day, the GAL met with petitioner for approximately forty-five minutes. On July 26, 2024, the GAL filed a motion to continue the July 29, 2024, hearing, citing the need for additional time to complete his investigation. No immediate action was taken on the motion by the MHC.

The parties appeared for the July 29, 2024, hearing. At that time, the GAL and respondent's counsel advised the MHC that a continuance was necessary because petitioner was not personally served at least fourteen days prior to the hearing as required by West Virginia Code § 44A-2-6(b) (2009). The GAL also stated that he needed additional time to investigate the matter and prepare for the hearing. The MHC continued the matter until September 13, 2024. However, on September 11, 2024, the GAL filed a second motion to continue. The circuit court granted the motion on September 12, 2024, but the court's order did not set a new hearing date.

---

[4] Earlier attempts to serve petitioner at his home were unsuccessful due to an unexpected hospitalization. Petitioner was ultimately served while under the care of a local hospital.

On October 11, 2024, respondent filed a second notice of hearing setting the petition for hearing on November 22, 2024. This notice was made using the SCAWV's approved form. It is undisputed that petitioner was not personally served with this notice, but rather, the notice was served upon the GAL. Respondent filed a motion to continue the November 22 hearing on November 11, 2024, and the circuit court granted the motion on November 18, 2024. On November 22, 2024, respondent used the SCAWV's form to file a third notice of hearing, which set the petition for hearing on December 12, 2024.

The parties appeared before the MHC for the December 12, 2024, hearing. At the outset, the GAL informed the MHC that petitioner indicated to him that he wished to continue the hearing for thirty days in order to retain private counsel; respondent objected, noting that petitioner had been aware of the pending petition since July 16, 2024. Petitioner interjected that the GAL had not provided him with filings and orders in the case; most notably, he claimed that the GAL did not provide him with notice of the present hearing until the afternoon of December 11, 2024. The GAL refuted petitioner's assertions and insisted that he encouraged petitioner to obtain private counsel on multiple occasions. The MHC denied the motion, noting that the matter had been continued several times despite petitioner receiving proper notice of the proceedings.

At the conclusion of the hearing, the MHC stated that although the decision was a "close case," the evidence supported appointing respondent as petitioner's guardian and conservator. On December 16, 2024, the MHC filed his Findings and Recommendations of Mental Hygiene Commissioner with the circuit court. On December 23, 2024, the circuit court entered its Order of Appointment of Guardian and/or Conservator, which adopted the MHC's findings and recommendations.

Thereafter, petitioner obtained counsel who filed a Motion for New Trial and to Dismiss on January 7, 2025. The motion claimed, among other things, that the court lacked jurisdiction over the matter because the original notice of hearing was defective and, thus, personal service had not been timely perfected upon petitioner as required by West Virginia Code § 44A-2-6(b).

The circuit court heard the motion on January 28, 2025, and denied the motion in its entirety by order entered on February 11, 2025. Relevant here, the circuit court found that any defect in notice under West Virginia Code § 44A-2-6(b) was cured by petitioner's appearance and participation at the December 12, 2024, hearing. This appeal followed.

We review this appeal using the same standard of review applied by our Supreme Court of Appeals when it reviews circuit court orders in adult guardianship and conservatorship cases:

> This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of

3

fact under a clearly erroneous standard; conclusions of law are reviewed *de novo.*

Syl. Pt. 6, *In re Donald M.*, 233 W. Va. 416, 758 S.E.2d 769 (2014) (quoting Syl. Pt. 4, *Burgess v. Porterfield*, 196 W. Va. 178, 469 S.E.2d 114 (1996)).

On appeal, petitioner raises three assignments of error. However, we only need to address one of those assignments of error to dispose of this appeal. That is, petitioner argues that the circuit court misinterpreted the language of West Virginia Code § 44A-2-6 and erred when it failed to dismiss the petition for a lack of jurisdiction based upon defects in the original notice of hearing. We agree with petitioner on this issue.

In West Virginia, it is well established that: "Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation." Syl. Pt. 4, *Syncor Int'l Corp. v. Palmer,* 208 W. Va. 658, 542 S.E.2d 479 (2001) (quoting Syl. Pt. 2, *Crockett v. Andrews,* 153 W. Va. 714, 172 S.E.2d 384 (1970)); *see also* Syl. Pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951) ("A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect.") To that end, we find that a plain reading and application of West Virginia Code §§ 44A-2-6(b) and (d) settles the issue on appeal.

West Virginia Code § 44A-2-6(b) states in clear terms: "The alleged protected person <u>shall</u> be personally served with the notice, a copy of the petition and the evaluation report not less than fourteen days before the hearing. *The person may not waive notice and a failure to properly notify the person <u>shall</u> be jurisdictional.*" (emphasis added). "It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation." Syl. Pt. 1, *Nelson v. W. Va. Publ. Emp. Ins. Bd.*, 171 W. Va. 445, 300 S.E.2d 86 (1982). "Courts are obligated to 'presume that a legislature says in a statute what it means and means in a statute what it says there.'" *State ex rel. Biafore v. Tomblin*, 236 W. Va. 528, 533, 782 S.E.2d 223, 228 (2016) (quoting *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–254 (1992)). Here, this statutory language speaks in plain terms and is devoid of contrary connotation. Thus, it must be presumed that under this statute, the Legislature's use of the term "shall," is to be read and applied in mandatory terms.

In other words, pursuant to West Virginia Code § 44A-2-6(b), the Act does not confer jurisdiction upon a circuit court unless the alleged protected person is personally served with the notice, petition, and evaluation report at least fourteen days prior to the hearing. Significantly, the last sentence of West Virginia Code § 44A-2-6(b) establishes that notice is not waivable and that the failure to personally serve the alleged protected person with proper notice deprives the circuit court of jurisdiction over the petition. While

petitioner was personally served with a notice on July 16, 2024, because the Act sets forth specific criteria to be included in the notice of hearing, our inquiry does not stop here.

Particularly, by utilizing the term "shall," West Virginia Code § 44A-2-6(d) sets forth mandatory language that must be included in the notice of hearing. Moreover, after reading West Virginia Code § 44A-2-6 in its entirety, the plain language of the statute clearly contemplates that the service requirements of West Virginia Code § 44A-2-6(b) necessitate the alleged protected person be personally served with a notice that complies with the requirements of West Virginia Code § 44A-2-6(d). However, in this case, it is undisputed that the original notice of hearing, which was the only notice of hearing personally served upon petitioner, lacked this language. Neither party disputes the fact that this notice was defective. Therefore, respondent failed to perfect personal service upon petitioner pursuant to West Virginia Code § 44A-2-6(b).

Below, the circuit court found that any deficiencies in service upon petitioner were cured by his appearance and participation at the December 12, 2024, hearing. This logic is untenable. As we have established, the mandatory language of West Virginia Code §§ 44A-2-6(b) and (d) required respondent to personally serve petitioner with a notice of hearing containing the conspicuous and verbatim language established by statute. Indubitably, under this statutory framework, proper service cannot be waived. Thus, because this personal service never occurred, the circuit court (and by extension, the MHC) was without jurisdiction to hear the petition. This conclusion is further supported by the unequivocal language of West Virginia Code § 44A-2-6(e) (2009), which states: "No person may be appointed a guardian or conservator *without first receiving proper notice* and having the opportunity to be present at a hearing." (emphasis added). For these reasons, the prior proceedings and orders in this case which occurred after the petition was filed on July 5, 2024, must be vacated and held for naught. As such, the matter is remanded to the circuit court for new proceedings to commence once jurisdiction is established by proper personal service upon petitioner.[5]

Accordingly, we vacate the circuit court's December 23, 2024, and February 11, 2025, orders and remand this matter for further proceedings, consistent with the Act and this decision.

---

[5] Pursuant to Rule 26 of the Rules of Appellate Procedure, the mandate will not issue on this decision for thirty days. However, we impress upon the parties that in the interim, they are not prohibited from taking appropriate action to place this case in a posture for an evidentiary hearing before the MHC soon after the mandate issues. Because these petitions involve sensitive matters, including personal liberty, we strongly encourage the parties to act swiftly to perfect service and take all steps necessary for this matter to be promptly heard and a final order entered once the mandate issues.

Vacated and Remanded.

**ISSUED:** September 30, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White