# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**STATE OF WEST VIRGINIA**
**CONSOLIDATED PUBLIC RETIREMENT BOARD,**
Respondent Below, Petitioner

**vs.)    No. 16-0628 (Lincoln County No. 12-AA-1)**

**OLLIE D. HUNTING,**
**Petitioner Below, Respondent**

**FILED**

**October 19, 2017**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

The petitioner herein and respondent below, State of West Virginia Consolidated Public Retirement Board ("Retirement Board"), by counsel J. Jeaneen Legato, appeals an order entered June 6, 2016, by the Circuit Court of Lincoln County. By that order, the circuit court ruled that a lump sum settlement payment by the Lincoln County Board of Education ("BOE") to the respondent herein and petitioner below, Ollie D. Hunting ("Mr. Hunting"), by counsel David R. Tyson, should be attributed to the year in which such settlement was paid, *i.e.*, 2009-2010, for purposes of calculating Mr. Hunting's retirement benefits. On appeal to this Court, the Retirement Board contends that such settlement payment should be allocated to the years in which Mr. Hunting earned the wages represented by the settlement.

Upon our review of the parties' arguments, the appendix record, and the pertinent authorities, we find that the circuit court erred by ordering that Mr. Hunting's settlement proceeds should be attributed solely to the year in which such settlement was paid to and received by Mr. Hunting because this calculation method results in a spike in Mr. Hunting's income for that year and is prohibited by the plain language of W. Va. Code § 18-7A-3(12) (2009) (Repl. Vol. 2012).[1] Accordingly, we reverse the circuit court's June 6, 2016, order and remand this case for reinstatement of the Retirement Board's March 1, 2012, order

---

[1]The Legislature amended W. Va. Code § 18-7A-3(12) (2009) (Repl. Vol. 2012) following the events giving rise to the case *sub judice*. *See* W. Va. Code § 18-7A-3(12) (2013) (Repl. Vol. 2016). While these changes do not impact the matter presently before the Court, we nevertheless rely on the version of the statute that was in effect at the time of the relevant events in rendering our decision herein.

allocating Mr. Hunting's settlement payment to the years in which he earned the salary represented thereby. Because this case does not present a new or significant issue of law, and for the reasons set forth herein, we find this case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is proper for disposition as a memorandum decision.

Mr. Hunting, a retired former employee of the BOE, has a long history of filing grievances against the BOE seeking wages he claims he did not receive due to alleged miscalculations that resulted in the underpayment of his wages. Several of these grievances, spanning employment years 1996-2001, were settled in 2009; the BOE agreed to pay Mr. Hunting a lump sum of $70,000,[2] and Mr. Hunting agreed to dismiss certain other claims against the BOE. The circuit court entered an order memorializing this settlement and dismissing the subject claims on September 2, 2011.

On July 1, 2011, Mr. Hunting retired from his position as Attendance Director and sought retirement benefits from the Teachers Retirement System. Mr. Hunting instituted the instant proceeding when he discovered that the aforementioned settlement, which he received during the 2009-2010 school year, had not been counted as income for that year as he and the BOE apparently had agreed;[3] instead, the Retirement Board attributed such earnings to the employment years in which they would have been earned but for the alleged underpayment of Mr. Hunting's wages. Following an administrative hearing, the Retirement Board issued a decision on March 1, 2012, confirming that such wages should be attributed to the years in which they would have been earned, rather than counting them as a lump sum payment of wages in the year in which the settlement was accomplished.

By order entered June 6, 2016, the Circuit Court of Lincoln County reversed the Retirement Board and ruled that the wage portion of the parties' settlement should be calculated as wages for the year in which the settlement was paid, *i.e.*, 2009-2010, based upon the parties' intent at the time they entered the settlement agreement, over which the same circuit court judge had presided. From this ruling, the Retirement Board appeals to this Court.

---

[2]This $70,000 lump sum settlement was comprised of $54,352.00 for Mr. Hunting's past wages and interest in the amount of $15,648.00.

[3]The parties did not include in their written settlement agreement, though, any notation to indicate that they intended the wage portion of the settlement to be applied exclusively to the 2009-2010 employment year.

The sole issue presented for our consideration and determination in this case is whether the circuit court erred in reversing the Retirement Board's ruling wherein it allocated the wage portion of Mr. Hunting's lump sum settlement payment to the years in which such wages would have been earned but for the alleged underpayment thereof. We previously have held that,

> [o]n appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W. Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

Syl. pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996). Moreover, with specific regard to the case *sub judice*, "[i]n cases where the circuit court has amended the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of law *de novo*." Syl. pt. 2, *id.*

Resolution of the instant matter turns upon the statutory language governing the calculation of an employee's salary for retirement purposes. Pursuant to W. Va. Code §§ 18-7A-26(c)(1-2) (2009) (Repl. Vol. 2012),[4] retirement benefits of a member of the State Teachers Retirement System are calculated as follows:

> Upon establishment of eligibility for a retirement allowance, a member shall be granted an annuity which shall be the sum of the following, subject to reduction if necessary to comply with the maximum benefit provisions of Section 415 of the Internal Revenue Code and section twenty-eight-a [§ 18-7A-28a] of this article:
>
> (1) Two percent of the member's average salary multiplied by his or her total service credit as a teacher. In this subdivision "average salary" means the

---

[4]The Legislature also amended W. Va. Code §§ 18-7A-26(c)(1-2) (2009) (Repl. Vol. 2012) after the events giving rise to the case *sub judice*. *See* W. Va. Code § 18-7A-26(c) (2013) (Repl. Vol. 2016). To the extent the subject amendments have altered this statutory provision, such amendments do not impact our decision of the instant matter insofar as we rely upon that version of the statute that was in effect at the time of the relevant events herein.

3

average of the highest annual salaries received by the member during any five years contained within his or her last fifteen years of total service credit . . . ;

(2) The actuarial equivalent of the voluntary deposits of the member in his or her individual account up to the time of his or her retirement, with regular interest.

*See also* W. Va. Code § 18-7A-3(5) (2009) (Repl. Vol. 2012) (defining "average final salary"). A retired employee's "average salary" is determined by reference to his "gross salary" for the years in question. W. Va. Code § 18-7A-3(12)[5] defines "[g]ross salary" as follows:

(12) "Gross salary" means the fixed annual or periodic cash wages paid by a participating public employer to a member for performing duties for the participating public employer for which the member was hired. *Gross salary also includes retroactive payments made to a member to correct a clerical error, or made pursuant to a court order* or final order of an administrative agency charged with enforcing federal or state law pertaining to the member's rights to employment or wages, *with all retroactive salary payments to be allocated to and considered paid in the periods in which the work was or would have been done.* Gross salary does not include lump sum payments for bonuses, early retirement incentives, severance pay or any other fringe benefit of any kind including, but not limited to, transportation allowances, automobiles or automobile allowances, or lump sum payments for unused, accrued leave of any type or character.

(Emphasis added). At issue herein is how the portion of Mr. Hunting's lump sum settlement payment representing his past wages should be treated for purposes of calculating his retirement benefits. The Retirement Board contends that the plain language of W. Va. Code § 18-7A-3(12) directs that such payments should be attributed to the years in which such wages would have been earned but for the alleged underpayment. By contrast, Mr. Hunting argues that the parties' intent should prevail and that the entirety of the past wages should be allocated to the year in which he received the settlement, *i.e.*, 2009-2010.

When the decision of a case requires us to construe a statute, we are guided by our established rules of statutory construction. "The primary object in construing a statute is to

---

[5]The current, 2013, version of this statute adds an additional sentence that does not impact the case *sub judice. See supra* note 1.

ascertain and give effect to the intent of the Legislature." Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975). "[I]f the legislative intent is clearly expressed in the statute, this Court is not at liberty to construe the statutory provision, but is obligated to apply its plain language." *Dan's Carworld, LLC v. Serian*, 223 W. Va. 478, 484, 677 S.E.2d 914, 920 (2009). *Accord* Syl. pt. 5, *State v. General Daniel Morgan Post No. 548, Veterans of Foreign Wars*, 144 W. Va. 137, 107 S.E.2d 353 (1959) ("When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute."). Thus, "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951). *Accord* Syl. pt. 2, *Crockett v. Andrews*, 153 W. Va. 714, 172 S.E.2d 384 (1970) ("Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation.").

Considering the governing statutory provision in light of these authorities, we find the language of W. Va. Code § 18-7A-3(12) to be plain. The above-quoted definition of "gross salary" plainly states that, for retirement purposes, an employee's receipt of a retroactive award of salary or wages is to be allocated to the year(s) in which such salary would have been earned. To adopt the reasoning of Mr. Hunting and the circuit court would result in a spike of Mr. Hunting's salary for the year in which he received the lump sum settlement of past wages and would have the corollary effect of artificially inflating his retirement benefits based thereon, both of which results are contrary to the stated legislative intent for making such calculations. Accordingly, we conclude that the circuit court erred in ruling that Mr. Hunting's lump sum settlement payment of past due wages should be applied exclusively to the year in which he received such monies. The circuit court further erred by setting aside the Retirement Board's decision, which calculated Mr. Hunting's retirement benefits in accordance with the plain language of W. Va. Code § 18-7A-3(12) and allocated his lump sum payment of past wages to the years in which such wages would have been earned but for their alleged underpayment.

For the foregoing reasons, the June 6, 2016, order of the Circuit Court of Lincoln County is hereby reversed, and this case is remanded for further proceedings to reinstate the ruling of the Retirement Board rendered March 1, 2012.

Reversed and Remanded.

**ISSUED:**    October 19, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum, II
Justice Elizabeth D. Walker