IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2020 Term

_____

No. 19-0350

_____

FILED
**November 6, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

EVERETT FRAZIER,
Commissioner of the West Virginia Division of Motor Vehicles,
Petitioner

v.

JOHN H. FOUCH, III,
Respondent

_____

Appeal from the Circuit Court of Kanawha County
The Honorable Jennifer F. Bailey, Judge
Civil Action No. 18-AA-223

REVERSED AND REMANDED WITH DIRECTIONS

_____

Submitted: October 6, 2020
Filed: November 6, 2020

Patrick Morrisey, Esq.
Attorney General
Elaine L. Skorich, Esq.
Assistant Attorney General
Steven E. Dragisich, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for Petitioner

David Pence, Esq.
Zerbe & Pence, PLLC
Charleston, West Virginia
Nigel E. Jeffries, Esq.
Charleston, West Virginia
Counsel for Respondent

CHIEF JUSTICE ARMSTEAD delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syl. Pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996).

2.      "In cases where the circuit court has [reversed] the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of law *de novo*." Syl. Pt. 2, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996).

3.      "In an administrative hearing conducted by the Division of Motor Vehicles, a statement of an arresting officer, as described in W. Va. Code § 17C-5A-1(b) (2004) (Repl. Vol. 2004), that is in the possession of the Division and is offered into evidence on behalf of the Division, is admissible pursuant to W. Va. Code § 29A-5-2(b) (1964) (Repl. Vol. 2002)." Syl. Pt. 3, *Crouch v. W. Va. Div. of Motor Vehicles*, 219 W. Va. 70, 631 S.E.2d 628 (2006).

ARMSTEAD, Chief Justice:

The Office of Administrative Hearings ("OAH") entered an order affirming the revocation of Respondent John H. Fouch's ("Mr. Fouch") driver's license for driving under the influence of alcohol ("DUI").[1] The arresting officer did not attend the OAH hearing but the OAH relied on the officer's DUI information sheet in its ruling affirming the revocation. The circuit court reversed the OAH's order, concluding that "the decision of the hearing examiner to admit [the arresting officer's] reports and to consider the notes made therein without proper authentication[,] which impermissibly shifted the burden of proof from the DMV to [Mr. Fouch,] was arbitrary, capricious, and an abuse of discretion."

On appeal, Petitioner Everett Frazier, Commissioner of the West Virginia Division of Motor Vehicles ("DMV"), asserts the circuit court erred by: 1) ruling that the DMV's records, including the DUI information sheet, should not have been admitted into evidence and considered by the OAH; and 2) ruling that the DMV has the burden of securing the arresting officer's attendance at the OAH hearing.

After review, we agree with both of the DMV's arguments. We therefore reverse the circuit court's March 6, 2019, order, and remand this matter to the circuit court for further proceedings consistent with our ruling herein.

---

[1] When the revocation order was entered, Patricia S. Reed was the Commissioner of the West Virginia Division of Motor Vehicles. Pursuant to Rule 41(c) of the Rules of Appellate Procedure, the current commissioner, Everett Frazier, has been automatically substituted as the named petitioner herein.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Mr. Fouch was arrested and charged with DUI on April 15, 2013.  According to the DUI information sheet completed by the arresting officer, Officer Charles Thompson, four eyewitnesses saw Mr. Fouch "almost hit . . . [a] gas station" while driving in Wayne County, West Virginia.  Further, the DUI information sheet provides that Mr. Fouch had the odor of an alcoholic beverage on his breath; staggered while walking; staggered while standing; had slurred speech; exhibited a lethargic attitude, and bloodshot eyes; admitted to drinking and taking sleeping medication prior to driving; and failed several field sobriety tests.[2]  Officer Thompson arrested Mr. Fouch for DUI, transported him to the police station, and administered a secondary chemical test which revealed that Mr. Fouch's blood alcohol content was .120%.

The DMV entered an order revoking Mr. Fouch's driver's license on April 25, 2013.  Because Mr. Fouch was employed as a commercial driver, the DMV also entered an order of disqualification of his commercial driver's license.  Mr. Fouch timely requested a hearing before the OAH to contest the revocation and disqualification orders.

The OAH hearing was scheduled for August 13, 2013.  At the request of both the DMV and Mr. Fouch, the OAH issued a subpoena for Officer Thompson to appear at

---

[2] The DUI information sheet provides that during the walk-and-turn test, Mr. Fouch could not keep his balance, stopped while walking, missed heel-to-toe, stepped off the line, and took an "incorrect number of steps."  Regarding the one leg stand test, the DUI information sheet provides that Mr. Fouch "could not perform test[,] could barely stand."

this hearing. This hearing was continued sua sponte by the OAH hearing examiner due to a family emergency.

The hearing was rescheduled for March 5, 2014. At the request of the DMV, the OAH issued a subpoena to Officer Thompson to appear at this hearing. Both parties moved for a continuance because Officer Thompson failed to appear and because counsel for Mr. Fouch was ill.

The hearing was rescheduled for October 9, 2014. At the request of Mr. Fouch, the OAH issued Officer Thompson a subpoena to appear at this hearing. He did not appear. The DMV moved to continue the hearing because counsel "states that she was just made aware of possible video evidence and would like time to obtain it." Mr. Fouch did not object to the continuance.

The hearing was rescheduled for July 28, 2015. Once again, the OAH issued Officer Thompson a subpoena to appear at the hearing.[3] He failed to appear. The DMV moved to continue the hearing due to Officer Thompson's failure to appear. Mr. Fouch objected "because the [DMV] has continued this matter twice previously." The OAH hearing examiner granted the continuance.

The hearing was rescheduled for February 17, 2016. The OAH issued Officer Thompson a subpoena to appear at this hearing. Officer Thompson failed to

---

[3] It is unclear which party requested the subpoena for this hearing.

appear.[4]  The DMV moved to continue the hearing due to Officer Thompson's failure to appear.  The OAH's order granting the continuance provides that there was no objection to the DMV's motion to continue.

The hearing was rescheduled for June 15, 2016.  Officer Thompson was issued a subpoena but failed to appear at the hearing. Counsel for the DMV stated:

> I have mailed the subpoena and emailed the subpoena to his [Officer Thompson's] personal email.  So I do not know why he's not making [an] appearance here today.  With that, and that being the fourth time [he's failed] to appear, I would ask that you just accept the DMV submission . . . under [W. Va. Code §] 29A-5-2(b) as the record of what the Commissioner's file entails.

Mr. Fouch objected to the DMV's records being admitted and moved to dismiss the revocation.  The following exchange took place at the hearing:

> Counsel for Mr. Fouch:  I want to object to that being received into the record.  As both of you all know, I conduct extensive cross examinations of these officers with regard to their ability to conduct the tests and recognize certain clues that are contained in the report, spend quite a bit of time doing that, and I'd object to that being admitted.  And I'd further move that due to the fact that we've been here – this is the fourth time without the officer present – that it be dismissed.  My client (unintelligible) has paid me quite a bit of money to come down here and pays me every time that I'm down here, because I have to prepare, and, he certainly shouldn't be penalized for the officer's inaction.  I move to dismiss.
>
> Hearing Examiner:  I can't – I don't have the authority to dismiss it. With regard to admitting the DUI Information Sheet, we do take these into evidence under [W. Va. Code §]

---

[4] It is unclear which party requested the subpoena for this hearing.

4

29A-5-2(b) but that doesn't mean I'm going to give it, you know, full weight or any weight for that matter. If you do want the officer here, we can continue it and, you know, try to get him –

Counsel: No, I certainly don't want my client to have to incur further expenses.

The hearing examiner admitted the DMV's records over Mr. Fouch's objection. The DMV's records consisted of 1) Officer Thompson's DUI information sheet, 2) the "Intox EC/IR-II Subject Test" sheet which showed the results of Mr. Fouch's secondary chemical breath test, and 3) the West Virginia Implied Consent Statement.

The hearing proceeded, and Mr. Fouch was the only witness who testified. He stated that he did not consume alcohol on the night he was arrested. He testified that he rinsed his mouth with Listerine and had used an Albuterol breathing treatment prior to driving his intoxicated nephew to the gas station. Mr. Fouch stated that his nephew was acting erratically while in the car, stating that he grabbed the steering wheel, and "was sticking his head out [of] the sunroof and was yelling at people[.]" According to Mr. Fouch, his nephew continued to cause a scene when they arrived at the gas station. Officer Thompson arrived at the gas station, and began questioning Mr. Fouch. In sum, Mr. Fouch's testimony was that he did not consume alcohol prior to driving, and that his use of Listerine and an Albuterol treatment skewed the results of the secondary chemical test.

Following Mr. Fouch's testimony, his counsel vouched the record that he would have cross-examined Officer Thompson on a number of issues. Counsel for the

5

DMV did not make any closing argument, she simply stated, "I'll just let the record stand where it's at."

The OAH entered its final order upholding the DMV's orders of revocation and disqualification on June 26, 2017. The OAH explained its ruling as follows:

> The Petitioner stated that he did not drink alcohol and believes the Listerine or Albuterol caused the high blood alcohol content reading. However, when residual mouth alcohol is present, the Intox EC/IR-II shows such a result. In this case, the Intox EC/IR-II printout does not show a "residual mouth alcohol" reading. Additionally, the secondary chemical test was administered to the Petitioner more than one hour after the time of initial contact, which means the Listerine or Albuterol would have to have lingered for more than one hour in the Petitioner's mouth, which is highly unlikely. The Petitioner's testimony simply does not add up. Therefore, the Order of Revocation should be affirmed.

Mr. Fouch filed an appeal of the OAH's ruling in the Circuit Court of Kanawha County. He alleged that he was denied his right to confront his accuser, and that he suffered actual prejudice because the DMV did not secure the presence of Officer Thompson at the administrative hearing.

The circuit court entered its final order on March 6, 2019. It determined that "the decision of the hearing examiner to admit the investigating officer's reports and to consider the notes made therein without proper authentication[,] which impermissibly shifted the burden of proof from the DMV to [Mr. Fouch,] was arbitrary, capricious, and an abuse of discretion." Further, the circuit court found that "W. Va. Code § 29A-5-2(b) describes the designation of the record for purposes of appeal and is not a rule concerning the admission of evidence in administrative proceedings as it would directly conflict with

6

the application of the West Virginia Rules of Evidence." The circuit court concluded that "Officer Thompson's reports were not properly admitted pursuant to the West Virginia Rules of Evidence, and, therefore, should not have been considered by the hearing examiner." The circuit court's order also provided that the DMV was responsible for securing the attendance of Officer Thompson at the OAH hearing. Based on the foregoing, the circuit court reversed the OAH's order.

Following entry of the circuit court's order, the DMV filed the instant appeal.

## II. STANDARD OF REVIEW

This Court has previously established the standards for our review of a circuit court's order deciding an administrative appeal:

> On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

Syl. Pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996).

Further, "[i]n cases where the circuit court has [reversed] the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of law *de novo*." Syl. Pt. 2, *Muscatell*. With these standards as guidance, we consider the parties' arguments.

7

## III. ANALYSIS

The DMV asserts the circuit court erred by ruling that: 1) the DMV's records should not have been admitted into evidence and considered by the OAH; and 2) the burden is on the DMV to secure the arresting officer's attendance at the OAH hearing. We address both of these arguments in turn.

### A. DMV's Records

The first issue is whether the OAH erred by admitting the DMV's records, including Officer Thompson's DUI information sheet, into evidence and considering them in its order upholding the revocation of Mr. Fouch's driver's license. This issue requires us to examine W. Va. Code § 29A-5-2(b) (1964).[5] It provides that

> [a]ll evidence, including papers, records, agency staff memoranda and documents in the possession of the agency, of which it desires to avail itself, shall be offered and made a part of the record in the case, and no other factual information or evidence shall be considered in the determination of the case. Documentary evidence may be received in the form of copies or excerpts or by incorporation by reference.

---

[5] When examining this statute, we are mindful of our rules of statutory interpretation. This Court has held that in deciding the meaning of a statutory provision, "[w]e look first to the statute's language. If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed." *Appalachian Power Co. v. State Tax Dep't of W. Va.*, 195 W. Va. 573, 587, 466 S.E.2d 424, 438 (1995); *see also* Syl. Pt. 2, *Crockett v. Andrews*, 153 W. Va. 714, 172 S.E.2d 384 (1970) ("Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation."); *and* Syl. Pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951) ("A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect.").

This Court addressed W. Va. Code § 29A-5-2(b) in 2006, holding that

> [i]n an administrative hearing conducted by the Division of Motor Vehicles, a statement of an arresting officer, as described in W. Va. Code § 17C-5A-1(b) (2004) (Repl. Vol. 2004), that is in the possession of the Division and is offered into evidence on behalf of the Division, is admissible pursuant to W. Va. Code § 29A-5-2(b) (1964) (Repl. Vol. 2002).

Syl. Pt. 3, *Crouch v. W. Va. Div. of Motor Vehicles*, 219 W. Va. 70, 631 S.E.2d 628 (2006).

The circuit court determined that this syllabus point was inapplicable in the present case "as this case concerns a modern administrative review hearing before the OAH, and not the DMV." In essence, the circuit court ruled that the creation of the OAH in 2010, which divested the DMV of its responsibility to conduct administrative hearings, rendered syllabus point three of *Crouch* inapplicable.

During oral argument in this matter, counsel for the DMV argued that this Court has addressed this issue in two recent decisions and rejected the circuit court's analysis. According to the DMV, this Court has concluded that the OAH remains statutorily obligated to receive the DMV's records into evidence. We agree.

This Court noted in a recent decision that "[i]t is well-settled that the DMV file is to be accepted into evidence at a hearing before the OAH." *Frazier v. Condia*, No. 19-0465, 2020 WL 4355713, at *2 (W. Va. July 30, 2020)(memorandum decision). The Court in *Condia* recognized the mandatory direction contained in W. Va. Code § 29A-5-2(b) that "[a]ll evidence, including papers, records, agency staff memoranda and documents in the possession of the agency, of which it desires to avail itself, *shall be offered and made a part of the record in the case*[.]" (Emphasis added). Further, the Court

9

explained that the creation of the OAH in 2010 did not change the mandatory direction that

the DMV's file *shall* be offered and made part of the record:

> We have repeatedly reminded litigants that this premise continues to hold true, though the agency in possession of the administrative file is no longer responsible for conducting the administrative hearing. *See* W. Va. Code § 17C-5C-5(a) (Repl. Vol. 2013) (2010) (recognizing the "transition of the administrative hearing process from the Division of Motor Vehicles to the Office of Administrative Hearings"). In 2010, "[t]he Office of Administrative Hearings [was] created as a separate operating agency within the Department of Transportation." W. Va. Code § 17C-5C-1(a) (2010) (Repl. Vol. 2013).

*Id.* at *2.[6]

In another recent decision, *Frazier v. Riddel*, No. 19-0197, 2020 WL

4355641 (W. Va. July 30, 2020)(memorandum decision), the Court considered an appeal

of a circuit court's order that was nearly identical to the order on appeal in this matter. As

in the present matter, the circuit court in *Riddel* determined that syllabus point three of

*Crouch* "is inapplicable as this case concerns a modern administrative review hearing

before the OAH, and not the DMV." Additionally, the circuit court's order in *Riddel*

concluded that the DMV "is not entitled to have [its] file made part of the administrative

record without introducing documentary evidence through an appropriate witness." *Id.* at

*2. The Court rejected the circuit court's analysis in *Riddel*, stating:

---

[6] The Court in *Condia* also noted that this Court has continued to rely on syllabus point three of *Crouch* in cases decided since the OAH was created in 2010. *See* Syl. Pt. 7, *Dale v. Odum*, 233 W. Va. 601, 760 S.E.2d 415 (2014).

The circuit court opined that the creation of the independent OAH in 2010, which divested the DMV of its responsibility to conduct administrative hearings, created a "modern administrative review hearing" process that rendered our prior syllabus points interpreting this statute null. *See* Syl. Pt. 3, *Crouch v. W. Va. Div. of Motor Vehicles*, 219 W. Va. 70, 631 S.E.2d 628 (2006) ("In an administrative hearing conducted by the Division of Motor Vehicles, a statement of an arresting officer, . . . that is in the possession of the Division and is offered into evidence on behalf of the Division, is admissible pursuant to W. Va. Code § 29A-5-2(b) (1964) (Repl. Vol. 2002)."). *We have, however, continued to uphold this legislative requirement in the decade since the OAH began.*

*Id.* at *3 (Emphasis added, footnote omitted).

We find this Court's analysis in *Condia* and *Riddel* to be directly applicable to the instant matter. The circuit court clearly erred by ruling that the DMV's file, including Officer Thompson's DUI information sheet, should not have been admitted into evidence and considered by the OAH. While the circuit court issued its ruling in this case prior to our decisions in *Condia* and *Riddel*, we note that this Court also addressed this issue in a 2018 case, which was decided prior to the circuit court's ruling in the instant matter. In the 2018 case, the Court ruled:

We have previously stated that "[w]ithout a doubt, the Legislature enacted W. Va. Code § 29A-5-2(b) with the intent that it would operate to place into evidence in an administrative hearing ['a]ll evidence, including papers, records, agency staff memoranda and documents in the possession of the agency, of which it desires to avail itself.[']" *Crouch*, 219 W.Va. [at] 76, 631 S.E.2d [at] 634. As evidenced by the use of the word "shall," admission of the evidence identified in the statute is mandatory. *Id.* The secondary chemical test result was in the DMV's possession, and the DMV sought to avail itself of the result. Accordingly, the result of the secondary chemical test should have been admitted into evidence, subject to a

11

rebuttable presumption as to its accuracy. *Id.* at 76, n.12, 631 S.E.2d at 634, n.12 ("We point out that the fact that a document is deemed admissible under the statute does not preclude the contents of the document from being challenged during the hearing. Rather, the admission of such a document into evidence merely creates a rebuttable presumption as to its accuracy.").

*Reed v. Lemley*, No. 17-0797, 2018 WL 4944553, at *4 (W. Va. Oct. 12, 2018) (memorandum decision).[7]

---

[7] We also note that in a 2014 case, *Dale v. Reynolds*, No. 13-0266, 2014 WL 1407375, at *4 (W. Va. April 10, 2014) (memorandum decision), this Court provided that

> there is no requirement that the evidence of record be testimonial as opposed to documentary. *See* W. Va. Code § 29A-5-2(b) ("All evidence, including papers, records, agency staff memoranda and documents in the possession of the agency, of which it desires to avail itself, shall be offered and made a part of the record in the case, and no other factual information or evidence shall be considered in the determination of the case. Documentary evidence may be received in the form of copies or excerpts or by incorporation by reference."). *See also* Syl. pt. 3, *Crouch v. W. Va. Div. of Motor Vehicles*, 219 W. Va. 70, 631 S.E.2d 628 (2006) (holding that statements of the arresting officer are admissible in the context of driver's license revocation proceedings); *Dale v. Odum*, —W. Va. —, — S.E.2d —, 2014 WL — (Nos. 12–1403 & 12-1509 Feb. 11, 2014) (per curiam) (relying on *Crouch* to reinstate a license revocation where the driver argued that the evidence contained in the DUI Information Sheet was inadmissible hearsay).
>
> It follows that testimony is not necessary for the DMV to meet its burden of proof. Documentary evidence can form the basis for a revocation decision if it is supported by substantial evidence.

12

Based on the foregoing, we find that the OAH was statutorily obligated to receive the DMV's file, including Officer Thompson's DUI information sheet, into evidence. The circuit court's ruling to the contrary was clearly erroneous.

**B. Securing Witness Attendance at an OAH Hearing**

The DMV's second assignment of error is that the circuit court erred by finding that the DMV was required to secure the arresting officer's attendance at the OAH hearing. The circuit court's order provides the following analysis on this issue:

> Pursuant to W.Va. Code § 17C-5C-4a (2012), the OAH has legislative and procedural rule-making authority, and W. Va. Code R. § 105-1-11, *et seq.* and W. Va. Code R. § 105-1-1413, *et seq.* concerns the subpoena process and the failure to appear of witnesses. W. Va. Code R. § 105-1-1414.3 provides, "The OAH may enter an order reversing the Commissioner's Order of Revocation if the Commissioner, his counsel, or his designee does not abide by the requirements set forth in subdivision 9.5.C. of these rules." W. Va. Code R. § 105-1-9.5(c) provides, "If a written motion for an emergency continuance with evidence of good cause is not received by the OAH in a timely manner, the OAH may deem it a failure of the party requesting the continuance to appear at the hearing. The OAH may deem it a failure of the party requesting the continuance to appear at the hearing even if an order continuing the hearing was issued provided that such order was based solely on the oral representations of the party making the motion." *When read together, the Court finds that the OAH contemplated the reversal of the Commissioner's revocation when the DMV failed to produce its necessary witness, the arresting officer, at OAH hearings.*

(Emphasis added).

Upon review, we disagree with the circuit court's conclusion. Our statutory law addressing OAH hearings provides that *the party* desiring testimony from a particular

13

witness, including an arresting officer, has the responsibility of securing that individual's testimony. Specifically, W. Va. Code § 17C-5A-2(c)(3) (2015) provides that the OAH may issue subpoenas commanding witnesses to appear *at the request of a party* or the party's legal representative; that *the party requesting the subpoena* "shall be responsible for service of the subpoena upon the appropriate individual;" and that "[i]f a person does not obey the subpoena or fails to appear, *the party who issued the subpoena* to the person may petition the circuit court wherein the action lies for enforcement of the subpoena." (Emphasis added).[8]

---

[8] West Virginia Code § 17C-5A-2(c)(3) provides, in full:

> The Office of Administrative Hearings may issue subpoenas commanding the appearance of witnesses and subpoenas duces tecum commanding the submission of documents, items or other things. Subpoenas duces tecum shall be returnable on the date of the next scheduled hearing unless otherwise specified. The Office of Administrative Hearings shall issue subpoenas and subpoenas duces tecum at the request of a party or the party's legal representative. The party requesting the subpoena shall be responsible for service of the subpoena upon the appropriate individual. Every subpoena or subpoena duces tecum shall be served at least five days before the return date thereof, either by personal service made by a person over eighteen years of age or by registered or certified mail, return receipt requested, and received by the party responsible for serving the subpoena or subpoena duces tecum: Provided, That the Division of Motor Vehicles may serve subpoenas to law-enforcement officers through electronic mail to the department of his or her employer. If a person does not obey the subpoena or fails to appear, the party who issued the subpoena to the person may petition the circuit court wherein the action lies for enforcement of the subpoena.

14

The clear, unambiguous language of this statute provides that "the party" seeking to compel a witness to appear at an OAH hearing has the responsibility to request the subpoena, and the responsibility to petition the circuit court for enforcement of the subpoena when the witness fails to appear. Thus, we find no support for the circuit court's conclusion that the DMV was required to secure Officer Thompson at the OAH hearing. In the present case, both the DMV and Mr. Fouch requested that subpoenas be issued to compel Officer Thompson to appear at the OAH hearing. The OAH issued these subpoenas, but Officer Thompson failed to appear. Neither the DMV, nor Mr. Fouch, petitioned the circuit court to enforce their subpoenas. Based on the foregoing, we find that the circuit court erred by ruling that the DMV was required to secure Officer Thompson's attendance at the OAH hearing.

## C. Remand

Having concluded that the circuit court's analysis was erroneous, we find it necessary to remand this matter to the circuit court for further proceedings. On remand, the circuit court must consider Mr. Fouch's appeal of the OAH's order in light of our ruling herein that: 1) the OAH did not err by admitting the DMV's records into evidence; and 2)

the DMV did not have the burden of securing Officer Thompson's attendance at the OAH hearing.[9]

While we find that the DMV's records, including the DUI information sheet, were properly admitted and considered by the OAH, we note that "the fact that a document is deemed admissible under the statute does not preclude the contents of the document from being challenged during the hearing. Rather, the admission of such a document into evidence merely creates a rebuttable presumption as to its accuracy." *Crouch*, 219 W. Va. at 76, n.12, 631 S.E.2d at 634, n.12.

---

[9] On remand, the circuit court must conduct its inquiry pursuant to the statutory standards contained in W. Va. Code § 29A-5-4 (1998). This Court has outlined those standards as follows:

> Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: "(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

Syl. Pt. 2, *Shepherdstown Volunteer Fire Dep't v. State ex rel. State of W. Va. Human Rights Comm'n*, 172 W. Va. 627, 309 S.E.2d 342 (1983).

16

**IV. CONCLUSION**

We reverse the circuit court's March 6, 2019, order, and remand this matter to the circuit court for further proceedings consistent with our ruling herein.

Reversed and Remanded with Directions.