IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**LEANN H.,**
**Petitioner Below, Petitioner**

**FILED**
**January 10, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-65** (Circuit Ct. of Kanawha Cnty. No. 09-D-461)

**THEOPHILUS C.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Leann H.[1] appeals the Circuit Court of Kanawha County's July 29, 2021, order denying her appeal from the Final Order on Child Support entered by the Family Court of Kanawha County. Respondent Theophilus C. filed a response in support of the family court and circuit court's rulings. Leann H. filed a reply brief.[2] On appeal, Leann H. asserts, inter alia, that the family court erroneously concluded that it lacked jurisdiction to award her the temporary, exclusive possession of the home where she presently resides with the parties' children and jointly owns with Theophilus C. The family court determined that because the parties were never legally married the home was not marital property subject to the family court's jurisdiction.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the lower tribunal's order is appropriate under Rule 21(c) of the Rules of Appellate Procedure.

Leann H. and Theophilus C. were never married but maintained a long-term relationship that resulted in the birth of two minor children. During this relationship, the parties purchased a home as joint tenants with a right of survivorship in 2016. The parties' relationship eventually soured, resulting in Theophilus C. moving out of the home in 2019. Based upon the record, it appears the parties have remained separate and apart since that time. In August 2021, Leann H. filed a Petition to Establish Child Support with the family

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last names by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Leann H. is represented by James H. Pierson, Esq. Theophilus C. is represented by Emmett Pepper, Esq.

court where she sought both a child support obligation to be imposed upon Theophilus C., and pursuant to West Virginia Code §§ 48-11-101 (2001) and 48-5-604 (2001),[3] for the family court to award her temporary, exclusive possession of the parties' home until their youngest child completes secondary or vocational education, or attains the age of twenty.[4]

A final hearing was held on May 17, 2022, where the family court entered an order awarding Leann H. child support, but the court found it lacked jurisdiction to grant her exclusive possession, even on a temporary basis, of the parties' home because West Virginia Code § 48-5-604 limits the court's jurisdiction to only property between married parties. Notably, West Virginia Code § 48-5-604 applies to awarding the "marital home[.]"

Leann H. appealed this ruling to circuit court, and on July 29, 2022, the circuit court entered an order summarily denying Leann H.'s petition for appeal. Leann H. now appeals the family court's and circuit court's rulings to this Court. When reviewing such appeals, we are guided by the following appellate standard of review,

> "[i]n reviewing a final order entered by a circuit court judge upon review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va.__ S.E.2d __, 2022 WL 17098574, at *3 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

Leann H. asserts that the circuit court erred in denying her petition for appeal from the family court's order. Leann H. sets forth two key assignments of error based upon the rulings of the family court. First, while conceding family courts have limited jurisdiction, Leann H. contends the family court nonetheless had jurisdiction to award temporary

---

[3] West Virginia Code § 48-11-101 pertains to the general provisions relating to child support, and West Virginia Code § 48-5-604 pertains to a family court's authority over the use and occupancy of a marital home in a divorce proceeding.

[4] There is a disparity between the family court's order and underlying petition. The family court's order states that Leann H. sought temporary possession of the home until the parties' youngest child turned eighteen, but Leann H.'s underlying petition reflects the post-secondary education and age of twenty language included here. In addition, the underlying Petition to Establish Child Support was previously identified as family court case no. 21-D-766. However, by order dated September 15, 2021, the family court consolidated the matter with existing family court case No. 09-D-461.

possession of the house as part of the child support award. Second, Leann H. argues that the decision of the family court violates her children's rights to equal protection guaranteed by the state and federal constitutions because it renders the rights of children born to unmarried parents inferior to the rights of children born to married couples.

In her first assignment of error, Leann H. relies on select language from West Virginia Code §§ 48-11-101 and 48-5-604. She opines that under general provisions set forth in West Virginia Code § 48-11-101, the Legislature's use of the phrases ". . . the laws of this state should encourage and require a child's parents to meet the obligation providing that child with adequate . . . shelter" and "in cases when the income is not sufficient to adequately provide for those [child support] payments, the court may, upon specific findings . . . order the party required to make those payments . . . from the corpus of his or her separate estate," clearly renders West Virginia Code § 48-5-604 to be a child support statute, notwithstanding its express and specific reference to only marital homes in divorce actions.[5] In short, Leann H. asks this Court to find that the child support provisions of West Virginia Code § 48-11-101 control the interpretation and application of West Virginia Code § 48-5-604, insofar as to render the term "marital" as used therein, immaterial when it comes to the jurisdiction of family courts to determine possession of real property between unwed parents as part of a child support award. After review, we decline to adopt Leann H.'s position, and instead conclude, for the reasons set forth below, that the family court properly found it lacked jurisdiction to award Leann H. exclusive possession of the parties' home.

---

[5] West Virginia Code § 48-11-101 provides, in pertinent part,

> (a). . . [i]t is the intent of the Legislature that to the extent practicable, the laws of this state should encourage and require a child's parents to meet the obligation of providing that child with adequate food, shelter, clothing, education, and health and child care; (b) . . . [p]ayments of child support are to be ordinarily made from a party's income, but in cases when the income is not sufficient to adequately provide for those payments, the court may, upon specific findings set forth in the order, order the party required to make those payments to make them from the corpus of his or her separate estate.

Also, the language of West Virginia Code § 48-5-604 provides, in relevant part,

> (a) [t]he court may award the exclusive use and occupancy of the marital home to a party; (b) [g]enerally, an award . . . of the marital home is appropriate when necessary to accommodate rearing minor children of the parties. Otherwise, the court may award exclusive use and occupancy only in extraordinary cases supported by specific findings set forth in the order that grants relief.

We agree with Leann H. that family courts are courts of limited statutory jurisdiction. Specifically, a family court's jurisdiction is derived from West Virginia Code § 51-2A-2 (2018), and the limit on this authority is evident, based on subsection (e) of that statute, which explicitly states,

> [a] family court is a court of limited jurisdiction. A family court is a court of record only for the purpose of exercising jurisdiction in the matters for which the jurisdiction of the family court is specifically authorized in this section and in chapter 48 of this code. A family court may not exercise the powers given courts of record in § 51-5-1 of this code or exercise any other powers provided for courts of record in this code unless specifically authorized by the Legislature. A family court judge is not a "judge of any court of record" or a "judge of a court of record" as the terms are defined and used in § 51-9-1 et seq. of this code.

*See also* Syl. Pt. 5, in part, *Lindsie D.L. v. Richard W.S.*, 214 W. Va. 750, 591 S.E.2d 308 (2003) ("[t]he jurisdiction of family courts is limited to only those matters specifically authorized by the Legislature[.]"). We also agree with Leann H. that West Virginia Code §§ 51-2A-2(a)(1) and (a)(2) have placed jurisdiction over divorce actions brought pursuant to Article 5, Chapter 48, as well as child support actions brought pursuant to Article 11, Chapter 48 of West Virginia Code, within the purview of the family courts. However, our agreement with Leann H. stops here.

It is well established that common law marriage is not recognized in this state. *See* Syl. Pt. 1, *Goode v. Goode*, 183 W. Va. 468, 396 S.E.2d 430 (1990); Syl. Pts. 1 and 2, *Beverlin v. Beverlin*, 29 W. Va. 732, 3 S.E. 36 (1887). Further, it is undisputed that Leann H. and Theophilus C. were never legally married to one another. Leann H. argues that the term "marital," as used throughout Article 5 of Chapter 48 to describe the real and personal property that is subject to a family court's jurisdiction is not a significant factor. However, when we consider our rules of statutory construction, we find that our Legislature has clearly intended otherwise. "Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation." Syl. Pt. 2, *Crockett v. Andrews*, 153 W. Va. 714, 172 S.E.2d 384 (1970). "[I]t is not for this Court to arbitrarily to read into [a statute] that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, we are obliged not to add to statutes something the Legislature purposely omitted." *Phillips v. Larry's Drive-In Pharmacy, Inc.,* 220 W. Va. 484, 491, 647 S.E.2d 920, 927 (2007) (citations omitted); *see also State ex rel. Frazier v. Meadows,* 193 W. Va. 20, 24, 454 S.E.2d 65, 69 (1994). "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 312, 465 S.E.2d 399, 414 (1995) (citations omitted).

Applying those principles here, West Virginia Code § 48-1-233 (2001) expressly defines the term "marital property" in part, as "[a]ll property . . . acquired by either spouse during a marriage . . .," as well as clarifies that, "[t]he definition of 'marital property' contained in this section has no application outside of the provisions of this article[.]" Noticeably absent from this statutory definition is any inclusion of property between unmarried parties who share children. Likewise, the definition plainly sets forth that it has no application outside of Article 5. Further, the title of Article 5 is expressly labeled, "Divorce." As such, the language of West Virginia Code § 48-5-604 expresses a clear legislative intent to limit a family court's jurisdiction to distribute property of married couples in divorce proceedings, and in no way extends to an award of child support.

We are also unconvinced by Leann H.'s argument surrounding the language contained in West Virginia Code § 48-11-101. Leann H. argues this language widens a family court's reach to property of unmarried parents; however, the only authority she cites in support of this argument are decisions squarely discussing a court's authority to award possession of *marital* property. Further, the statute Leann H. relies on to award her exclusive use of the home, West Virginia Code § 48-5-604, is explicitly limited to the "marital home." The plain language of West Virginia Code § 48-11-101 does not implicate that family courts have jurisdiction to extend West Virginia Code § 48-5-604 outside of the martial context.

Turning to Leann H.'s final assignment of error, Leann H. alleges the family court's ruling violates equal protection. In Leann H.'s view, limiting the availability of West Virginia Code § 48-5-604 to only married couples violates equal protection under the United States and West Virginia constitutions because it denies Leann H. and Theophilus C.'s shared children a remedy available to children born to married parents. We are unpersuaded by the equal protection argument. It is clear from the family court's order that this case was decided on jurisdiction, not equal protection. Contrary to Leann H.'s argument, the family court did not deny her exclusive possession of the parties' home because she and Theophilus C. were unmarried parents. Rather, the family court denied her request solely because it found that it lacked jurisdiction to do so as a matter of law based upon the authority granted to family courts by statute.

Moreover, despite Leann H.'s contention, she is not foreclosed from seeking relief. She may still seek redress through remedies available in circuit court, a court of general jurisdiction. Therefore, we find no error or abuse of discretion by the family court, nor do we find any error in the circuit court's order summarily denying Leann H.'s appeal.

Accordingly, we affirm.

Affirmed.

5

**ISSUED:**  January 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen